MICHAEL FERRICK, Respondent, *v.* OTTO M. EIDLITZ et al., Appellants.

Master and servant — when doctrine res ipsa loquitur does not apply — how far employer bound to examine structure being taken down by employee.

Plaintiff was injured while engaged in the removal of a structure which was at times used as a floor for workmen. Its purpose, however, was the protection of dynamos from falling substances incident to the erection of a new building. After the accident a joist was found in the wreckage out of which a section had been cut almost severing it, but it did not appear when or by whom this was done. *Held, first,* that the doctrine *res ipsa loquitur* is not applicable since there is no presumption upon the facts proven that defendants had failed to discharge the

duty of reasonable care and caution toward plaintiff. *Second,* that it was not the duty of defendants, before placing plaintiff at work in the removal of the structure, in the absence of any knowledge of a necessity therefor, to make an examination for the purpose of seeing whether anything had been done that would weaken the structure and it was not negligent under the circumstances to fail to take such a precaution.

*Ferrick* v. *Eidlitz,* 123 App. Div. 587, reversed.

(Argued March 26, 1909; decided April 27, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 10, 1908, which reversed a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial and granted a new trial.

The action was brought to recover for personal injuries sustained by plaintiff, an employee of the defendants, by reason of the fall of a temporary roofing which he was engaged in removing in a building in process of construction.

The defendants were contractors in the construction of the Hotel Belmont in the city of New York. It is alleged in the complaint in substance, but denied in the answer, that they were charged with the general construction of the building. The carpenter contractors, whose relationship to defendants is not disclosed, had erected in the basement of the building, while in the process of construction, a temporary shed for the purpose of protecting from dust and debris the dynamos there located. This erection was thirty or thirty-five feet long by twenty-eight or thirty feet wide. The basis of its construction consisted of three iron girders forming part of the permanent structure. From the middle iron girder wooden joists ran at right angles to the next iron girder on either side, and crosswise of these joists were laid planks which constituted the roofing. The joists were two inches thick by six inches high and rested on the narrower face and were placed between eighteen inches and two feet apart. The planks were seven-eighths of an inch thick. The planks do not seem to have

been nailed to the joists and the latter were not fastened to the girders but extended from the flange of one to the flange of the other, and the entire structure thus consisted of two sections and was about fourteen feet above the floor below. While the purpose of this construction was that of a roofing to protect the dynamos, it was at times used by various persons at work around and upon the building as a flooring or platform upon and from which to perform work.

On the day in question plaintiff, who was an ordinary laborer, was directed by the defendants with others to remove this roof or floor. The section lying between two girders had been removed in safety, but as plaintiff went upon the remaining section to help remove it, either there was a general collapse of the section or a fall of three or four boards, and plaintiff was precipitated to the floor below and injured. After the accident a joist was found in the wreckage, out of which near its middle and across its greater width had been cut a section as if for the fitting of a pipe, which almost severed the joist. There was no evidence whatever when or by whom this cut was made or of any corresponding hole through the planking that laid on the joist for the purpose of the passage of a pipe. Plaintiff was directed to undertake the work in question by defendants' superintendent or foreman and the gang of men were told to take off the boards and be careful because it was not a very strong construction.

*Theodore H. Lord* for appellants. The fall of the roof while the plaintiff and his fellow-workmen were demolishing it, does not permit the inference that the defendants were negligent. (*Griffin* v. *Manice,* 166 N. Y. 189 ; *Cunningham* v. *Dady,* 191 N. Y. 152 ; *Krantz* v. *L. I. R. R. Co.,* 123 N. Y. 1 ; *Muller* v. *St. John,* 57 N. Y. 567 ; *Milbauer* v. *Richard,* 188 N. Y. 453 ; *Rende* v. *N. Y. & T. S. S. Co.,* 187 N. Y. 382 ; *Dobbins* v. *Brown,* 119 N. Y. 188 ; *Werner* v. *Erie Ry. Co.,* 39 N. Y. 468 ; *Painton* v. *N. C. Ry. Co.,* 83 N. Y. 12 ; *Shapiro* v. *Levy,* 101 App. Div. 444.) The plaintiff entirely failed to show that the beam which, after the

accident, was found to be broken, caused the collapse of the roof. (*Carney* v. *M. D. Co.*, 191 N. Y. 301; *Laidlaw* v. *Sage*, 157 N. Y. 73.)

*Gilbert D. Lamb* and *M. P. O'Connor* for respondent. There was a plain question of fact for the jury under the Employers' Liability Act as to whether the foreman, Lang, was negligent in ordering plaintiff to go upon the roof in question which fell, or negligence of such foreman in the performance of his duty of seeing that the ways and works were in proper condition. (*Stewart* v. *Ferguson*, 164 N. Y. 553; *Green* v. *Banta*, 16 J. & S. 156; 97 N. Y. 627; *Tierney* v. *Vunck*, 97 App. Div. 1; *Simone* v. *Kirk*, 173 N. Y. 7.) Irrespective of the affirmative proof of a distinct defect in the joist supporting the structure which fell, the fall itself imported a defect and negligence in the master. (*Haggblad* v. *R. R. Co.*, 117 App. Div. 838; *Stewart* v. *Ferguson*, 164 N. Y. 554; *Johnson* v. *Roach*, 83 App. Div. 351; *Ristau* v. *E. F. C. Co.*, 104 N. Y. Supp. 1059; *Lentino* v. *P. H. I. O. Co.*, 74 App. Div. 266; *Muhlens* v. *Obermeyer*, 83 App. Div. 888; *Arras* v. *Standard Co.*, 121 App. Div. 61.)

Hiscock, J. The construction by the fall of which plaintiff was injured while engaged in its removal was placed in position by contractors other than the defendants. Its primary and principal purpose was to serve as a roofing for the protection of dynamos from dust and other falling substances incidental to the erection of a new building. The structure was of a very simple character. Plaintiff and his fellow-workmen had been engaged in its removal for some time when the accident happened and his evidence makes it uncertain whether there was a general collapse of that portion of the structure which remained or whether three or four boards fell.

The Appellate Division seem to have held that he was entitled to have his case submitted to the jury either on the theory that this was a case for the application of the doctrine of *res ipsa loquitur* excusing him from pointing out any spe-

cific negligence on the part of the defendants, or on the theory that the defective joist caused the fall and that the jury might have said that the defendants' superintendent was negligent in putting the plaintiff at work upon a structure wherein was located such defective piece. In our opinion, he was not entitled to have his case submitted to the jury on either of these theories.

The doctrine of *res ipsa loquitur* is not applicable. One of the elementary conditions under which that doctrine may be applied is that the failure of a structure or appliance, as in this case of the roofing, shall occur under such circumstances as, tested by ordinary experience and observation, fairly create the presumption in the absence of explanation that the person sought to be charged has failed to fulfill some obligation which he owed to the person injured and which if discharged would have prevented the accident. (*Griffen* v. *Manice*, 166 N. Y. 188; *Henson* v. *Lehigh Valley R. R. Co.*, 194 N. Y. 205; 87 N. E. Rep. 85.)

The falling of the roofing does not under the particular circumstances here presented create any presumption that the defendants had violated some duty which they owed to the plaintiff. While it is true that this roofing had at times been used as a floor or even as a scaffold by workmen, that was not at all its nature as to plaintiff. He was not placed at work upon it as a scaffold, but his employment consisted simply in removing it and getting it out of the way. Therefore, its collapse, if that was the case, is not to be measured by any rules, statutory or otherwise, applicable to the construction and strength and safety of scaffolds, and plaintiff's rights are not measured by those general rules which relate to the furnishing by an employer to his employees of a safe place in which to work. We shall assume that the defendants owed plaintiff a duty not to place him at work in the removal of this roofing if such work involved hidden and unusual dangers without at least warning him of them. But the structure itself was of the simplest and most obvious kind, and in addition to this plaintiff especially calls to our attention the alleged warn-

ing of defendants' foreman that it was not a strong one and that care must be exercised in its removal. Under such circumstances if plaintiff had been injured while engaged in its removal without any evidence of specific or unusual defects or dangers, we do not think it could be said at all that the falling of the unfastened boards or the slipping of the unfastened ends of the joists from the flanges of the girders perfectly open to the view of the plaintiff was such an unusual event in the course of removal as to create a presumption that defendants had failed to discharge the duty of reasonable care and caution which they owed to the plaintiff.

As has been said in substance in other cases, these defendants owed the plaintiff only the duty of ordinary care and caution, and the mere fall of such a structure as this was in the process of removal is not so strange or unusal as to create a presumption of negligence. (*Henson* v. *Lehigh Valley R. R. Co., supra; Loudoun* v. *Eighth Ave. R. R. Co.,* 162 N. Y. 380.)

Therefore, the plaintiff is limited to his claim that there was a special defect and a hidden danger involved in the work which he was doing of which the defendants should have known and against which they should have warned him, and that in the failure to do this their foreman was negligent within the Employers' Liability Act so that an action may be maintained. This argument is based on the defective and partly severed joist. We do not think, however, that defendants, either under the Employers' Liability Act or under the principles of common law, are to be charged with negligence with respect to this joist. There is no claim that they cut it. The speculation rather than the evidence is that it was cut by some steamfitter for the purpose of placing a pipe, but this speculation is opposed by the absence of any evidence that the board above the joist had been cut as would be necessary for placing the pipe, and, furthermore, there seems to have been no occasion for placing a pipe at this place. There is no evidence that the cut might not have been made immediately prior to the accident. Therefore, this particular contention

of plaintiff resolves itself into the proposition that it was the duty of defendants' foreman, before placing him at work in the removal of the boards and joists, to have made an examination for the purpose of seeing whether somebody had done something which would weaken the structure. In the absence of some fact which charged the defendants or their representatives with notice or knowledge that this was necessary, we do not think that ordinary care and caution which limited their obligation towards their employees compelled them to take any such unusual precautions, and that this alleged ground of negligence was not established.

The order and judgment of the Appellate Division should be reversed and the judgment of the trial court affirmed, with costs to the appellants in both courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order and judgment reversed, etc.