(140 App. Div. 733.)

JONES v. GAMBLE.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1910.)

MASTER AND SERVANT (§ 116*)—INJURY TO SERVANT—DEFECTIVE SCAFFOLD— LABOR LAW—"SCAFFOLD USED IN ERECTING THE BUILDING."

Plaintiff, a carpenter, was employed in erecting a house. A scaffold for the work was built in sections. Two planks laid side by side rested on crosspieces, one end of a crosspiece being nailed to the house, and the other end to an upright. As the work progressed, the scaffold was raised; the planks being put on crosspieces higher up. While plaintiff was doing this, one plank being placed on the higher crosspieces, and he being on the other, the one on which he was walking broke from a defect therein. *Held*, that the scaffold was one used in erecting the building, and furnished by the employer for that purpose, within Labor Law (Consol. Laws, c. 31) § 18, so as to make the employer liable, and that plaintiff was not merely changing the scaffold, and not using it as such.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 116.*]

McLennon, P. J., and Williams, J., dissenting.

Appeal from Jefferson County Court.

Action by James Jones against Charles Gamble. From a judgment for plaintiff, and from an order denying a motion to set it aside and for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Geo. S. McCartin, for appellant.
Arthur T. Johnson, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KRUSE, J. The plaintiff, a carpenter, was employed by the defendant, a contractor, in erecting a farmhouse. A scaffold had been built around the house in progress of erection. The scaffold was built in sections; two planks laid side by side rested upon crosspieces, one end of the crosspiece being nailed to the house and the other end to an upright. As the work progressed the platform or scaffold was raised. The planks were put on crosspieces higher up. This was what the plaintiff was engaged in doing when the scaffold gave way. One plank had been put on the higher crosspiece, and the plaintiff was on the other. The plank he was walking on broke. He fell and was injured. The jury rendered a verdict for $488. A motion was made by the defendant to set it aside. That motion was denied, and the defendant appeals.

The principal question is whether the scaffold in its then condition was a scaffold within section 18 of the labor law (Consol Laws, c. 31), and was furnished to the plaintiff as provided in that section. The appellant contends it was not. That section provides:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. * * * *"

I think the defendant is liable. None of the cases cited by appellant is like this case. The case of Welk v. Jackson Architectural Works, 98 App. Div. 247, 90 N. Y. Supp. 541, approaches the nearest of any of them. There the plaintiff was hurt by the falling of a beam which had been lashed between perpendicular columns for the purpose of affording a resting place for the girders until the wall had been built up sufficiently high to support them, and also for the purpose of enabling the workmen to go upon and space the girders. The plaintiff was ordered to assist the gang of men who were placing the timber in position. One of the workmen, in response to the inquiry of the foreman, stated that the timber was all right. The plaintiff was then ordered by the foreman to unfasten the fall or drop rope from the derrick which drew the timber into place, and to help in finishing the lashing of the timber to the post. Plaintiff walked along the timber, unfastened the fall, walked toward the end of the timber, but, before reaching there, the timber partially turned over, and the plaintiff was precipitated to the basement and injured.

In that case the defendant was held liable at the Trial Term and in the Appellate Division. Mr. Justice Woodward dissented, and the Court of Appeals reversed upon his dissenting opinion. (184 N. Y. 519, 76 N. E. 1116.) That case, as will be seen, is quite unlike this case. There the injury occurred before the scaffold—if it was one—had been completed. The beam upon which the plaintiff walked had not been lashed, or at least had not been completely or securely lashed. The plaintiff was walking toward the end of the beam to assist in doing that work when the beam tipped and he fell.

Here the scaffold had been completed and used. The defect was

in its original construction. The defective plank, which broke, was a part of the scaffold. It was a scaffold used in erecting the building, and furnished by the defendant for that purpose. I think the case is within the statute.

The point is also raised that the plaintiff is guilty of contributory negligence. That question was clearly one of fact and properly submitted to the jury.

The judgment and order should be affirmed, with costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent upon the ground that at the time of the accident the plaintiff was engaged in changing the scaffold and was not using the scaffold as such.