## LYONS v. McNULTY BROS.

(Supreme Court, Appellate Term.　June .21, 1912.)

MASTER AND SERVANT (§ 116*)—"SCAFFOLD."

> Where separate platforms were erected at varying heights upon upright beams in the construction of a building, each platform may be deemed a separate "scaffold," within Labor Law (Consol. Laws 1909, c. 31) § 18, which requires employers to furnish safe scaffolds for the use of employés, as affecting the right of a workman to recover for injury received while standing on the lower platform in removing the one above it.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

> For other definitions, see Words and Phrases, vol. 8, p. 7795.]

Appeal from City Court of New York, Trial Term.

Action by Martin Lyons against McNulty Bros. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Arthur T. O'Leary, of New York City, for appellant.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for respondent.

LEHMAN, J.　The plaintiff was injured by the collapse of a platform on which he was working. The platform was part of the scaffolding about the new building of the Grand Central Terminal. It appears that the scaffolding consisted of a series of uprights, to which several platforms were attached, and the plaintiff was directed by defendant's foreman to proceed upon a lower platform, for the purpose of removing a platform above it, which was interfering with the work of plasterers. Both platforms were supported by the same uprights, but, of course, the crosspieces under the platforms were different. After the upper platform was removed, the plaintiff placed his crowbar between an upright and a crosspiece or "ledger" upon which the upper platform had rested. As his arm was raised to pry off the crosspiece, but, according to the plaintiff's contention, before he applied any force to this purpose, the platform upon which he stood collapsed.

The cause of the collapse of the platform is not shown, but the plaintiff's witnesses pointed out various defects to which the fall might be attributed, if the jury believed the plaintiff's contention that it was not due to his removal of the crosspiece. The trial justice, however, refused to submit the case to the jury, on the ground that the plaintiff failed to show any failure on the part of the defendant to do anything required of it. This ruling brings up for consideration the question whether the place where the plaintiff was working was a "scaffold" furnished by defendant for the performance of labor in the erection of a structure, within the meaning of sections 18 and 19 of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Labor Law. The Court of Appeals has pointed out that experience has shown that the question of what constitutes a scaffold within the meaning of the statute cannot be solved by academic discussion, and that, even when applied to concrete facts, it often leads judicial minds to radically divergent conclusions:

"The inherent difficulties of the subject are such as to finally compel us to work out each case upon its own peculiar facts, in the light of the manifest purpose of the Legislature to secure greater protection to the employé, and to impose upon the employer directly a personal obligation, which, under the common law, he had the right to delegate to competent employés." Caddy v. Interborough Rapid Transit Co., 195 N. Y. 415, 88 N. E. 747.

The learned trial justice seems to have felt himself constrained to dismiss the complaint under the authority of the case of Ferrick v. Eidlitz, 195 N. Y. 248, 88 N. E. 33, 24 L. R. A. (N. S.) 837. It seems to me that the facts of that case are so different from the facts presented here that it furnishes no aid to the solution of the question before us. The plaintiff in that case was directed to remove the roof of a temporary shed, primarily intended to protect some dynamos contained therein from dust. While plaintiff was on the roof for the purpose of removing it, a supporting joist broke and precipitated the plaintiff to the ground. The court, in the opinion, held that, though the place where the injury took place was occasionally used as a "floor, or even as a scaffold, by workmen, that was not at all its nature as to plaintiff." The injury occurred, not through the breaking of a scaffold, but through the collapse of a roof on which plaintiff was working, and the court merely held that no negligence was shown in the construction of the roof, regarded it as a roof, and not as a scaffold.

In this case, however, the structure was primarily intended to be used as a scaffold, and the platform where the plaintiff was standing was being used as a place to stand upon for the purpose of reaching up to and working upon another platform, which was too high to be reached otherwise. Unless, therefore, the plaintiff was at the time engaged in taking down the very scaffold upon which he was working, the place where the plaintiff was working would clearly seem to be a scaffold, furnished for the purpose of work in the erection of the building. It seems to me that, where separate platforms are erected at varying heights upon upright beams, each platform may be considered a separate scaffold. So far as the evidence shows, the removal of the platform above in no wise affected the platform below. The platform below was a complete scaffold, while the platform above remained in place as well after it was removed. See Jones v. Gamble, 140 App. Div. 733, 126 N. Y. Supp. 143; O'Neill v. Manufacturers' Automatic Sprinkler Co., 143 App. Div. 56, 127 N. Y. Supp. 692. The plaintiff has shown that, if the defendant did not build the scaffolding used on the building, it not only directed its employés to use it in their work, but maintained control of it even to the extent of taking down separate parts of the scaffolding. These facts are sufficient to distinguish this case from the case of Bohnhoff v. Fischer, 134 N. Y. Supp. 28.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEABURY, J., concurs.

BIJUR, J. I concur, on the ground that plaintiff had made out a prima facie case, at least to the extent that the accident occurred through the improper scaffolding furnished by his employer while he was performing labor of some kind in the erection, etc., of a house. Section 18 of the Labor Law. Whether he had also shown negligence on the part of defendant's superintendent, or a person acting as superintendent, need not be here decided.

Respondent's reliance on the case of Ferrick v. Eidlitz, 195 N. Y. 248, 88 N. E. 33, 24 L. R. A. (N. S.) 837, seems to me to be unwarranted. That case did not involve the construction or application of section 18 of the Labor Law, and the reference in the opinion at 195 N. Y. 252, 88 N. E. 33 (24 L. R. A. [N. S.] 837), to the subject of scaffolding and the employé's occupation in regard thereto must not be read apart from its context. It is plainly intended merely to point out the distinction between cases which involve scaffolding and that case which concerned the roof of a shed.

It should be noted also that the learned trial judge erred in compelling plaintiff to elect whether he "prosecuted his action" under the "common law" or the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204). An action alleging negligence on the part of an employer, whether under the common law alone, or the common law as extended by the Employer's Liability Act, sets out but a single cause of action (Payne v. N. Y. S. & W. R. R., 201 N. Y. 436, 95 N. E. 19), nor is there any such inconsistency either in the theory or the facts upon which a recovery might be based, in this case, as to warrant the compelling of an election. See Tuthill v. Skidmore, 124 N. Y. 148, 155, 26 N. E. 348; Mayo v. Knowlton, 134 N. Y. 250, 252, 31 N. E. 985; Seymour v. Lorillard, 51 N. Y. Super. Ct. 399. Moreover, in no aspect did the plaintiff proceed as upon the common law alone, for in any event he claimed to avail of a statute; i. e., Labor Law, § 20. It is impossible to determine to what extent the court below may have been influenced under these circumstances by defendant's election (over his objection) to proceed under the Employer's Liability Act.