JOHN BELTZ, Respondent, *v.* BUFFALO, ROCHESTER AND PITTSBURGH RAILWAY COMPANY, Appellant.

Railroads — passengers — negligence — when railroad company not liable for injury caused by stepping box overturning when passenger stepped upon it in alighting from train — rule of res ipsa loquitur not applicable.

1. The rule of utmost care, so far as human skill and foresight can provide, applicable to railroad corporations so far as it relates to roadbeds, the construction of passenger cars and the like, is not applicable to the approaches to the cars such as platforms, halls, stairways and steps. In such cases the carrier is bound to exercise ordinary care, only, in view of the dangers to be apprehended.

2. Where plaintiff in alighting from a railroad train stepped upon a box placed by the trainman in front of the steps of the car for the purpose of reducing the height that passengers would be required to step and the box slipped as plaintiff stepped upon it so that he lost his balance and fell to the station platform, and it is not claimed that the stepping box was defective or that plaintiff was not given ample time to alight from the train, and the evidence shows that the box was firm and level and did not move prior to the plaintiff's stepping upon it, the rule of *res ipsa loquitur* does not apply against

28

the defendant, several passengers having left the car ahead of plaintiff in safety. The accident appears rather to have been the result of the plaintiff's weight in connection with the lateral pressure on the box caused by his position when he stepped thereon, and the jury's conclusion in regard thereto, in finding a verdict for plaintiff, was a mere guess without any justifiable basis therefor and should not be sustained.

*Beltz* v. *Buffalo, R. & P. Ry. Co.*, 171 App. Div. 976, reversed.

(Argued January 30, 1918; decided February 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 15, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James S. Havens* for appellant. There was no evidence of negligence on the part of defendant. (*Robinson* v. *Gas Co.*, 134 N. Y. 37; *Lafflin* v. *B. & S. R. R. Co.*, 106 N. Y. 136.)

*Hamilton Ward* and *W. J. Wetherbee* for respondent. There was ample evidence in this case to require the submission of the question of the defendant's negligence to the jury. (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297; *Marcau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Sutton* v. *Erie R. R. Co.*, 145 App. Div. 122; 205 N. Y. 615; *M. P. R. R. Co.* v. *Martham*, 73 Tex. 25; *Migge* v. *N. P. Ry. Co.*, 75 Wash. 197.)

CHASE, J. The plaintiff and his child, a girl about eight years of age, were passengers on a train of the defendant's railroad. The train stopped at West Falls and the trainman alighted from the car in which the plaintiff and his child were passengers and placed a

stepping box, such as is in common use by trainmen, on the ground a few inches in front of the lower step of the car for the purpose of reducing the height that passengers would be required to step at one time in passing from the car to the station platform. The box as so placed was level and firm. It was about twelve inches square on top and of larger dimensions on the bottom. At least seven passengers left the car ahead of the plaintiff and his child. They each stepped upon the box and then to the platform in safety and the box appeared to them to be level, firm and secure. The plaintiff is a carpenter and a heavy man, weighing about one hundred and ninety pounds. He reached the lower step and he says that he saw the box on the ground all right about opposite the middle of the step, and that he did not see anything the matter with it, and that he saw that the trainman was standing just at his right. He says that he placed his left hand on the handrail and turned (according to his description of the occurrence) " partly on a diagonal " toward his child who was standing on the second step and that he had his hand on her shoulder. He says he then stepped to the box which slipped from under his foot to the right and he lost his balance and fell to the platform receiving the injuries for which this action is brought. The trainman and several witnesses were sworn in behalf of the defendant and their testimony as to what occurred is entirely different from that of the plaintiff, but the jury has found in favor of the plaintiff and we will assume that his story of what occurred is correct.

Substantially the only testimony given on behalf of the plaintiff, other than as stated, was by two witnesses who testified in regard to the platform. The platform was about ten feet wide and two hundred and fifty feet long. It had been built about six years before the time under consideration to replace a wooden platform. It was composed of cinders, gravel and stone, and covered

with fine crushed stone. It was resurfaced in the same way about four years before the time of the occurrence, and it had · become hard and compact. It is asserted by the plaintiff and his witnesses that at times more or less remote from the time of the occurrence the surface of the platform was covered to some extent with loose stones and pieces of coal. It appears, however, that the platform was given a general cleaning once a month, but it does not appear whether the accident occurred soon after such a cleaning or at a remote day therefrom. The testimony about the loose stones and pieces of coal is wholly immaterial except so far as it affects the question of the particular part of the plat-form where the box was placed. The rule of utmost care so far as human skill and foresight can provide applicable to railroad corporations so far as it relates to its roadbed, the construction of its cars, and the like, is not applicable to a case of this kind.

The rule as stated in *Kelly* v. *Manhattan Ry. Co.* (112 N. Y. 443, 450) is as follows: " In the approaches to the cars such as platforms, halls, stairways and the like, a. less degree of care is required, and for the reason that the consequences of a neglect of the highest skill and care which human foresight can attain to are naturally of a much less serious nature. The rule in such cases is that the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended." Such is the rule in this case.

It is not claimed that the stepping box was defective or that the plaintiff was not given ample time to alight from the car. The box was · placed but six or eight inches from the car step and there is no testimony of any kind to the effect that the place where or man-ner in which it was placed was careless, improper or negligent. All of the testimony in the case confirms the claim of the defendant that the box was level and firm

and did not move prior to the plaintiff's stepping upon it. It is not a case for the application of the rule of *res ipsa loquitur* against the defendant. (*Welsh* v. *Cornell,* 168 N. Y. 508; *Ferrick* v. *Eidlitz,* 195 N. Y. 248; *Robinson* v. *Gas Co.,* 194 N. Y. 37; *Lafflin* v. *Buffalo & S. W. R. R. Co.,* 106 N. Y. 136, 139; *Griffen* v. *Manice,* 166 N. Y. 188; *Henson* v. *Lehigh Valley R. R. Co.,* 194 N. Y. 205.)

The rough surface of the fine crushed stone made the box more secure from slipping than it would have been if it had been on a smooth wood, stone or cement platform. If the plaintiff's unfortunate accident was the result of negligence on the part of the defendant it was not shown. It would appear rather to have been the result of the plaintiff's weight in connection with the lateral pressure on the box caused by the position of the plaintiff when he stepped thereon. The jury's conclusion was a mere guess without any justifiable basis therefor and it should not be sustained.

The judgments of the Appellate Division and of the trial court should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Judgments reversed, etc.