EVERETTE H. HUNT, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, Albany County, September 30, 1950.

*Charles E. Nichols* for defendant.

*William F. Conway* for plaintiff.

ELSWORTH, J. Motion by the defendant for an order and judgment dismissing the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

The following factual allegations appear in the complaint: That on February 8, 1950, the plaintiff was a passenger on one of the defendant's trains from the city of Albany to the city of Buffalo where he disembarked on a platform in defendant's Buffalo station; that the only means of egress from the platform

is an adjacent ascending ramp leading therefrom to the station and thence to the street; that the length of the ramp on a horizontal line is 454.5 feet and the end thereof at the main floor of the station is 13.15 feet higher than the platform (computation shows grade less than 3%); that there are no elevator or escalator facilities from the platform where the train comes in to the main level of the station; that in order to reach the main level of the station it is necessary for passengers to use this ramp; that plaintiff at such time was suffering from a cardiac disorder; and that because of the unusual exertion required in walking up the ramp such condition was aggravated with the result that he suffered an acute coronary insufficiency.

The allegations of the complaint charging negligence and nuisance, are as follows: " Defendant was negligent in failing to make adequate provisions for the numerous passengers, including this plaintiff, who travels to and must leave this said Buffalo railroad station and who have and suffer from cardiac deficiencies so that said persons might leave the said railroad station without any undue exertions such as was exacted of the plaintiff in being required to ascend the aforesaid ramp; said defendant knew or, in the exercise of reasonable prudence, should have known that many passengers suffered from heart ailments and that the exertion of stair climbing or ramp walking is detrimental and harmful to persons in such condition; defendant in the light of the knowledge or notice aforesaid should have, in the exercise of the duty of care imposed upon it as a common carrier of passengers, provided means for this plaintiff and others to leave the train platform without the necessity of making the long upward climb over the aforesaid ramp, and the failure of the defendant to provide a means of egress which would not require climbing the aforesaid stairway or ramp and the maintenance of the premises in the condition described constituted a nuisance."

A railroad, as a common carrier of passengers, is " bound simply to exercise ordinary care in view of the dangers to be apprehended " insofar as its station facilities " such as platforms, halls, stairways and the like " are concerned. (*Kelly* v. *Manhattan Ry. Co.*, 112 N. Y. 443, 450; see, also, *Beltz* v. *Buffalo, Rochester & Pittsburg Ry. Co.*, 222 N. Y. 433, and *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136.)

Assuming all the facts alleged in the complaint to be true and giving the plaintiff the benefit of every reasonable inference to be drawn therefrom, has the plaintiff shown a failure on defend-

ant's part to exercise ordinary and reasonable care in the premises as a matter of law? That is the question calling for determination here.

It is not asserted here that the plaintiff was injured because the ramp in ·question was improperly designed, defectively constructed or negligently maintained. The charge of liability is based rather upon the proposition that the defendant failed and neglected to make available to one in plaintiff's physical condition other and different facilities for egress from the platform. To impose such an obligation upon the defendant would be going well beyond the scope of the ordinary and reasonable care to which the plaintiff was entitled. Accordingly, the defendant's motion must be granted. In so holding, the following from a recent Third Department decision by Mr Justice BERGAN may be quoted appropriately: " Protection against every casualty without regard to predictability or fault may be an ultimate social achievement. It could not, however, be erected on our present concept of responsibility; and, indeed, would not need the ministration of judges, but of auditors. It would turn away from presently accepted theory." (*McPartland* v. *State of New York*, 277 App. Div. 103, 107.)

Submit order.