was in a position where he could observe appellee at all times and though he had no recollection of having seen appellee with the rope around his body he did state unequivocally that there was danger in permitting a person to so use the rope. Furthermore, Williams was in a position to know that a second rail was to be loaded on the west side after the engineer sounded the whistle and having such knowledge the jury could rightly conclude that it was possible to avoid all danger at that time by some warning that there was to be a change in the sequence of operations. Had this simple expedient been adopted, the accident would doubtless not have occurred and the jury under a proper charge from the court so found.

The assignment of error that the verdict is excessive is without merit.

For the reasons stated, the judgment of the District Court is

Affirmed.

Charles Polis, Philadelphia, Pa., (Philip S. Polis, Philadelphia Pa., on the brief), for appellant.

John F. Thaete, Philadelphia, Pa., (Walter B. Gibbons, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and KALODNER and STALEY, Circuit Judges.

PER CURIAM.

The order appealed from is not a final decision within the purview of Section 1291, Title 28, United States Code, the court below having filed no certificate in accordance with Rule 54(b), F.R.C.P., 28 U.S.C.A. Accordingly, the appeal will be dismissed for want of jurisdiction.

KATZMAN v. HOFFMAN et al.

No. 11218.

United States Court of Appeals, Third Circuit.

Argued March 16, 1954.

Decided April 2, 1954.

UNITED STATES

v.

O'NEILL (three cases).

UNITED STATES v. AVERY.

Nos. 13617, 13618, 13619, 13620.

United States Court of Appeals, Ninth Circuit.

April 7, 1954.