**MILE BRANCH COAL COMPANY,
Plaintiff,**

v.

**UNITED MINE WORKERS OF AMER-
ICA, Defendant.**

**Civ. A. No. 995–56.**

United States District Court
District of Columbia.

May 20, 1958.

Thurman Hill, Washington, D. C.,
Alexander L. Suto, and Samuel L. Gold-
stein, Pittsburgh, Pa., for plaintiff.

John J. Wilson, Willard P. G. Owens,
Harrison Combs, and William E. Rollow,
Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for damages against
the United Mine Workers of America, an
International union, the members of
which are persons employed in coal
mines.

The International Union is composed of
a series of constituent bodies known as
Districts. Each District is, in turn, sub-
divided into smaller constituent bodies
known as local unions. The action is
based on the contention that an unlawful
strike was caused at a coal mine operated
by the plaintiff corporation in the State
of Ohio and that as the result of the
strike the plaintiff corporation was, in
effect, compelled to go out of business.
That there was a stoppage of work at the
plaintiff's mine has been shown in the
plaintiff's *prima facie* case. The plain-
tiff's *prima facie* case further indicates
that the officers of the District were con-
cerned in the matter, and even if they had
not personally called the strike, they were
active in the negotiations with the plain-
tiff's representatives who endeavored to
secure their cooperation in ending the
stoppage.

Neither the District nor the local, how-
ever, is a defendant in this action. It is
sought by the plaintiff to predicate li-
ability on the part of the International
Union on the theory that the District and
the local union were its agents, and fur-
ther that the president of the District
and another representative of the Dis-
trict were in fact agents of the Interna-
tional.

The mere fact, however, that Dis-
tricts were constituent bodies embraced

within the International Union and that locals were constituent bodies embraced within the Districts, does not in and of itself make either the District or the local an agent of the International Union. This circumstance, in and of itself, does not make the International Union answerable for the actions of the District or of the local union. This point came before the Supreme Court in United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 395, 42 S.Ct. 570, 577, 66 L.Ed. 975. In that case, Mr. Chief Justice Taft held that District organizations were not agents of the national body and the national body was not responsible for the actions of the District organizations. He said, in part:

"The argument of counsel for the plaintiffs is that, because the national body had authority to discipline district organizations to make local strikes its own and to pay their cost, if it deemed it wise, the duty was thrust on it, when it knew a local strike was on, to superintend it and prevent its becoming lawless at its peril. We do not conceive that such responsibility is imposed on the national body. A corporation is responsible for the wrongs committed by its agents in the course of its business, and this principle is enforced against the contention that torts are *ultra vires* of the corporation. But it must be shown that it is in the business of the corporation. Surely no stricter rule can be enforced against an unincorporated organization like this."

And then again, he resumes:

"But it is said that the district was doing the work of the International and carrying out its policies, and this circumstance makes the former an agent. We cannot agree to this in the face of the specific stipulation between them that in such a case unless the International expressly assumed responsibility, the district must meet it alone."

And again, he says:

"We conclude that the motions of the International Union, the United Mine Workers of America, and of its president and its other officers, that the jury be directed to return a verdict for them, should have been granted."

That case, too, involved the calling of a strike which was claimed to have been in violation of law. The action was brought under the Antitrust Act, 15 U.S.C.A. § 1 et seq., but this circumstance does not differentiate the decision from the case at bar in principle.

A more recent case was decided in the Fourth Circuit, in which the late lamented Judge Parker wrote the opinion, United Construction Workers v. Haislip Baking Co., 223 F.2d 872. He there held that the regional director of a union and its field representative were not agents who could bind the National organization.

Plaintiff's counsel stresses the argument, however, that under the constitution of the International Union and of the District, the president of the District organization is appointed by the president of the International Union. The mere fact, however, that officers of a constituent body may be appointed or selected by the head of the larger National organization does not make the officers of the constituent body agents or representatives of the National body.

Again, it should be repeated, in conclusion, that neither the District nor the local organization are defendants in this action and only the International Union is being sued. The Court concludes that no *prima facie* case has been made out connecting the International Union, that is, the defendant in this action, with the alleged activities of which the plaintiff complains, and for that reason the Court will direct a verdict in favor of the defendant.