**MORGAN DRIVE AWAY, INC.,**
**Plaintiff-Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA,** et al., **Defendants-Appellees.**

Nos. 12537, 12538.

United States Court of Appeals
Seventh Circuit.

June 29, 1959.

872

Robert D. Morgan, Indianapolis, Ind., Russell J. Ryan, Jr., Indianapolis, Ind., Thompson O'Neal & Smith, Indianapolis, Ind., of counsel, for appellant.

Edward J. Fillenwarth, Indianapolis, Ind., David Leo Uelmen, Milwaukee, Wis., Gregg, Fillion, Fillenwarth & Hughes, Indianapolis, Ind., Goldberg, Previant & Cooper, Milwaukee, Wis., for appellees.

Before DUFFY, Chief Judge, and HASTINGS and KNOCII, Circuit Judges.

HASTINGS, Circuit Judge.

This action was brought by the appellant, Morgan Drive Away, Inc.[1] (herein called plaintiff), in the United States District Court for the Southern District of Indiana. The defendants (appellees) are the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (herein called International Union), and the various named joint councils, state and area conferences, and local unions of the International Union as such and each as a representative of all other defendants. Also named as individual defendants in the complaint were Gene San Soucie, Alfred W. Cors and William H. Jones. The district court dismissed the complaint as to these three individual defendants and no question is raised on this appeal as to such dismissal.

The first paragraph of complaint is based on Section 303 of the Labor Management Relations Act of 1947, 29 U.S. C.A. § 187, and seeks damages for an alleged illegal secondary boycott by defendants. The second paragraph of complaint is based on Section 301 of said Act, 29 U.S.C.A. § 185, and seeks damages for breach of contract.

■ The trial court first entered a judgment dismissing the second paragraph of complaint on the ground that it failed to state a claim upon which relief could be granted. Subsequently, after a trial on the preliminary question of jurisdiction over International Union and Joint Council No. 43, the court then entered a second judgment dismissing the action as to such two defendants on the ground that the court did not have jurisdiction over them, ruling that no legal process or summons was served upon any of their officers or agents, and that they had not voluntarily submitted to such jurisdiction. These two judgments are the subject of Appeal No. 12537 herein.

Later, in order to rule on the admissibility of plaintiff's Exhibits X and Y, the trial court set aside its judgment of dismissal as to the International Union and Joint Council No. 43, ruled that such Exhibits X and Y were inadmissible and re-entered the same judgment of dismissal as to International Union and Joint Council No. 43. This judgment is the subject of Appeal No. 12538 herein. Since the two appeals involve the same action they will be considered here as one appeal.

■■ We have before us appellees' motion to dismiss this appeal. Such motion is denied. Ordinarily, it is true, an order of dismissal as to some of a number of defendants charged to be jointly liable is not a final order and is not appealable when the suit remains pending against the others. Hardy v. Bankers Life & Casualty Co., 7 Cir., 1955, 222 F.2d 827. We are of the opinion, however, that, on the record before us, the jurisdictional question presented to and ruled upon by the trial court in the preliminary trial, held upon motion of appellees, goes to the heart of the instant suit; and we hold that that order of dismissal is a final and appealable order. Cf. Higgins v. Shenango Pottery Company, 3 Cir., 1958, 256 F.2d 504. Indeed, the plaintiff's basic contention is that the suit is brought against one Union, of which those defendants served, the International Union and Joint Council No. 43 are constituent parts. We will address ourselves to this question herein. We also hold that the order dismissing the second paragraph of the complaint is final and appealable.

Turning to the merits, errors relied upon arise out of the judgment of dismissal of the second paragraph of complaint, the judgment of dismissal of the entire action as to the International Union and Joint Council No. 43 and the

---

1. Plaintiff is an Indiana corporation with its principal place of business in Elkhart, Indiana, and is engaged in the transportation of trailer homes and prefabricated houses as a common carrier.

exclusion from the evidence of plaintiff's Exhibits X and Y.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the trial court found the facts specially and stated separately its conclusions of law thereon on the issue of jurisdiction over International Union and Joint Council No. 43. These appear in the well-considered memorandum opinion of that court reported at D.C., 166 F. Supp. 885, together with the complaint, motions to dismiss and various answers. For the sake of brevity reference is made to that opinion for such detailed matter.

Subsections (c), (d) and (e) of Section 301 of the Labor Management Relations Act of 1947 are incorporated by reference into Section 303 of the Act, upon which the first paragraph of complaint is based, and read as follows:

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

"(d) The service of summons, subpena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization.

"(e) For the purposes of this section, in determining whether any person is acting as an 'agent' of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling."

[4] The first question presented is whether, under the foregoing applicable statute, the trial court had jurisdiction over the International Union and Joint Council No. 43. Plaintiff's contention on this issue can best be stated by quoting its "Summary of Argument" from its brief:

"The District Court has jurisdiction of the International Brotherhood of Teamsters and Joint Council No. 43 of the International Brotherhood of Teamsters.

"(a) The International Brotherhood completely dominates and controls the local unions, joint councils and conferences through power over membership, discipline, officers, grievances, disputes, collective bargaining and all aspects of union business and finance, so that service of summons on any part is sufficient to acquire jurisdiction over the International Brotherhood. Whether the persons served with process and the Teamster organizations of which they are officers and agents are part of the International Brotherhood for the purpose of service of process depends upon the actual relationship between the International Brotherhood, Joint Council No. 43 and the persons and Teamster organizations actually served with process.

"(b) The local unions, conferences and councils perform duties for the International and service upon the officers and representatives thereof constitutes service of summons upon the International Brotherhood and Joint Council No. 43.

"(c) Service upon the officers of locals, conferences and councils of the International Brotherhood satisfies every requirement of reasonable assurance that notice will be brought home to the International Brotherhood and Joint Council No. 43 of the International Brotherhood."

The principal office and headquarters of the International Union is located in Washington, D. C., and that of Joint Council No. 43 is in the State of Michigan. Summons for each of such defendants was for each individually and was

served upon one or more of the following as representatives of the other defendants: Gene San Soucie, Alfred W. Cors, William H. Jones and Norman C. Murrin, all residents of the State of Indiana. It is undisputed that the officers and those agents of International Union and Joint Council No. 43 *specifically* designated to receive service of process do not reside in Indiana and were not these four individuals who were served with process. Plaintiff contends, however, that, by reason of the actual relationship between the defendants, the persons served were in fact agents of the two nonresident defendants; and that it was unnecessary that they be officers or expressly designated agents for process. This necessarily depends upon the actual relationship disclosed by the evidence submitted to the trial court. After hearing the evidence, the court made the following findings with reference to the four individuals served:

"10. Defendant, Gene San Soucie, is a member of Teamster Local Union No. 135; he is the duly elected President of Teamster Local Union No. 135, Joint Council No. 69, and Indiana Conference of Teamsters; he is the Recording Secretary of the Central Conference of Teamsters; he was elected by the members of Teamster Local Union No. 135 as a delegate to Joint Council No. 69, Indiana Conference of Teamsters, Central Conference of Teamsters, Central States Drivers Council and the Convention of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which Convention was held in October of 1957; he resides at 7005 Westfield Boulevard, Indianapolis, Marion County, Indiana.

"11. Defendant, Alfred W. Cors, is a member of Teamster Local Union No. 691; he is the duly elected President of said local union, and was elected by the members thereof as a delegate from said local to Joint Council No. 69, Indiana Conference of Teamsters, Central Conference of Teamsters, and Central States Drivers Council; he resides at Lawrenceburg, Indiana.

"12. Defendant, William H. Jones, is a member of Teamster Local Union No. 691; he is the duly elected Secretary-Treasurer of said local union, and was elected by the members thereof as a delegate from said local union to Joint Council No. 69, Indiana Conference of Teamsters, Central Conference of Teamsters, Central States Drivers Council, and the Convention of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which Convention was held in October of 1957; he resides in Richmond, Indiana.

"13. Norman C. Murrin is a member of Teamster Local Union No. 364; he is the duly elected President of Teamster Local Union No. 364, and the duly elected Recording Secretary of the Central States Drivers Council; he was elected by the members of Teamster Local Union No. 364 as a delegate from said local union to Joint Council No. 69, Indiana Conference of Teamsters, Central Conference of Teamsters, Central States Drivers Council and the Convention of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, which Convention was held in October of 1957; he resides at South Bend, Indiana." D.C., 166 F.Supp. 885, 894–895.

After setting out various provisions of International Union's constitution the court further found that "these provisions of the Constitution evidence the fact that said affiliated local unions, Joint Councils, State and area Conferences, have constitutional authority to govern themselves and to transact business through their own duly elected agents and representatives; nowhere in the Constitution of the International Union is there any authority granted to the official or representative of any affiliated

local union, Joint Council, State or area Conference, with the exception of the Chairman of area conferences, to hold himself out to be an official, representative, or agent of the International Union." Id. at page 898. This was followed by findings that neither San Soucie, Cors, Jones or Murrin was "an elective official nor an appointive International Representative or 'Organizer' of the International Union, nor has he held himself out to be such official, representative or 'Organizer.'" Ibid.

Plaintiff relies heavily on the case of Claycraft Co. v. United Mine Workers of America, 6 Cir., 1953, 204 F.2d 600. That case involved an appeal from an order of the district court quashing service of summons upon the United Mine Workers of America. Claycraft brought suit against the parent international union under the provisions of the Labor Management Relations Act of 1947. Service of process was upon Daniel Sandy, a regional director of District 50 of the International. The sole issue presented was whether, under the facts of that case, District 50 and the International were separate autonomous entities, or whether District 50 was merely a part of the International and an agency through which it carried on its work. As in the case at bar, the facts were largely not in dispute; the question presented for determination was primarily one of law. The Sixth Circuit was moved to its determination that the service was valid by the fact that *District 50 had no charter or constitution* and its existence depended upon the constitution of the International under which an Administrative Officer was appointed. In the rules of District 50, authorized by the International's constitution, it was provided that the Administrative Officer " * * * shall have general and complete supervision over, and administration of the affairs of the District * * * [and with] the Secretary-Treasurer,

their aides and assistants, shall in all respects, be subject to, and conform with, the Constitution and policies of the International Union." Id. at pages 601–602. Sandy was appointed as Regional Director by International's Administrative Officer, was directly under his supervision, was required to make weekly reports to him of "all activities in connection with his official duties" and served solely at the discretion of the Administrative Officer. Sandy had complete supervision over the local unions which were chartered. The court concluded: "On a consideration of the above provisions * * * District 50 and the International are not separate, autonomous entities, but * * * District 50 is a part of the International and the agency through which it carries out certain of its work." Ibid.

In Claycraft, the court, although upholding the service of summons on the narrow factual grounds there found to exist, cited no authority in support of its position. It was content to refer to two cases, *in which service had been held invalid,* as support for the general proposition that in each case the actual relationship existing between the International and its so-called agent for process must be determined from the facts in such case. Isbrandtsen Co. v. National Marine Engineers' Beneficial Ass'n, D.C.S.D.N.Y.1949, 9 F.R.D. 541, and Christian v. International Ass'n of Machinists, D.C.E.D.Ky.1925, 7 F.2d 481 The court in Claycraft distinguished Isbrandtsen by pointing out that in that case the "local union was an autonomous entity separate from the National Union * * * [and that] the local union existed by reason of a charter granted it by the National * * *." Claycraft Co. v. United Mine Workers of America, supra at page 602, of 204 F.2d. In the instant case, the record shows that the state and area conferences, joint councils and local unions are, in fact, by constitution, autonomous entities.[2]

2. See Farnsworth & Chambers Co. v. Sheet Metal Workers International Association, D.C.D.N.M.1954, 125 F.Supp. 830, which involved the same jurisdictional issue as the one before us here. Farnsworth sought damages for unlawful picketing and sued the international union and one of its locals. Sum-

Plaintiff also cites Spica v. International Ladies Garment Workers' Union, 1957, 388 Pa. 382, 130 A.2d 468 and Baumgartner's Electric Construction Co. v. De Vries, S.Dak., 1958, 91 N.W.2d 663, on this general proposition. In Spica, the Supreme Court of Pennsylvania was concerned with the construction of a Pennsylvania statute, Pa.R.C.P. No. 2157(a), 12 P.S.Appendix, and in Baumgartner, the Supreme Court of South Dakota passed upon the question of *liability* of the international union for the torts of one of its local unions. We are not concerned in this appeal with the question of liability but with one of jurisdiction. We have considered International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and other cases cited by plaintiff, and do not find them controlling on the question presented to us.

Plaintiff urges us to take judicial notice of the facts in the instant case showing that the International Union is "an organization of a very strong national character, ruled strongly, if not despotically, by its national officers." However sympathetic we might be with such a characterization, we cannot justifiably read into Section 301 a meaning not there. If service on a nonresident parent union is to be had through an officer or agent of one of its subordinate entities, then provision for such must be made by Congress.

Where, as here, local labor organizations, affiliated with an international parent union, are autonomous associations, service of process upon their officers or agents is not service "upon an

officer or agent" of the international within the meaning of Section 301(d), 29 U.S.C.A. § 185.

We hold that the findings of fact by the trial court to this effect are clearly supported by substantial evidence and that the court applied the correct legal criteria in its conclusion of law that it had no jurisdiction over the person of International Union and Joint Council No. 43, and the action was properly dismissed as to them.

We have not found controlling those cases cited by defendants in which courts have ruled that there is no liability on the part of an international union for the misconduct of its locals, although there is some language there which might be said to lend support to our holding here.[3]

■ Plaintiff's exhibits X and Y, which were held inadmissible by the trial court, were identified as portions of testimony given by James R. Hoffa and Gene San Soucie before the Select Committee of the United States Senate in 1958. The exhibits were not offered for the purpose of impeachment of San Soucie. Hoffa was not subpoenaed as a witness. The relevancy or materiality of the exhibits to the issues on trial was not established. We have examined the exhibits in question and have no difficulty in holding that under no theory advanced by plaintiffs are they competent as evidence in the trial of the preliminary issue of jurisdiction. They were properly excluded by the trial court.

■ In the second paragraph of complaint plaintiff sought damages for an alleged breach of contract. It appears

mons on the international union, served on the business agent of its local, was quashed as ineffective under Section 301 of the Labor Management Relations Act. The court held that the international and local were each separate and autonomous legal entities, and that there was not a sufficient connection between them to uphold such service. The court considered and distinguished Claycraft, as we have done here, and found support in the holding in Isbrandtsen.

**3.** See Mile Branch Coal Co. v. United Mine Workers of America, D.C.D.C.1958, 162

F.Supp. 65, where Judge Holtzoff said: "The mere fact, however, that Districts were constituent bodies embraced within the International Union and that locals were constituent bodies embraced within the Districts, does not in and of itself make either the District or the local an agent of the International Union." To the same effect are United Mine Workers of America v. Coronado Coal Company, 1922, 259 U.S. 344, 395, 42 S.Ct. 570, 66 L.Ed. 975 and United Construction Workers v. Haislip Baking Company, 1955, 223 F.2d 872.

that about 1951 plaintiff filed an unfair labor practice charge with the National Labor Relations Board against some of the defendants in this case. Subsequently the parties executed a settlement agreement on November 30, 1951 which provided, *inter alia*, that: "The charging party agrees that no further proceedings shall be taken herein, except for action by the unions pursuant to this agreement, so long as the unions are complying herewith and, *effective when the Regional Director is satisfied that the terms of this agreement have been carried out by the unions, requests leave to withdraw the charge herein.*" (Emphasis added.) At the trial of the instant case the parties stipulated that the subject unfair labor practice charge had been withdrawn in due course as provided in the settlement agreement. The complaint charges that in 1957 defendants breached this settlement agreement by their wrongful acts in Richmond, Indiana, with resulting damage to plaintiff.

The trial court held that:

"[T]he contract was terminated and the obligations and duties of the parties thereto were fully discharged upon the dismissal of the charges before the National Labor Relations Board.

"The contract did not contemplate the labor organizations performing * * * in futuro and in perpetuity after consummation of the issue of the proceeding before the Board."

D.C., 166 F.Supp. 885, 890.

The stipulation evidences the fact that the terms of the settlement agreement had been carried out by defendants.

If it can be said that the settlement agreement was a contract, then it was fully performed by the parties and we fail to see how it can be the basis of the action pleaded in the second paragraph of the complaint. Upon the withdrawal of the charge before the Labor Board the contract was discharged. If, under some theory not made clear to us, the alleged misconduct of defendants in 1957 can breathe life into the agreement

made and performed in 1951, then that would be a matter within the jurisdiction of the National Labor Relations Board. Plaintiff concedes it has no cases in support of its contention.

We hold that the settlement agreement was fully performed and the obligations of the parties thereunder were discharged upon dismissal of the charges before the National Labor Relations Board. The trial court did not err in dismissing the second paragraph of complaint upon the ground that it failed to state a claim upon which relief can be granted.

The judgment of the district court is

Affirmed.