J. Herschel HARDY, Plaintiff-Appellant,

v.

BANKERS LIFE & CASUALTY CO., a corporation, et al., Defendants-Appellees.

No. 11446.

United States Court of Appeals
Seventh Circuit.

May 26, 1955.

Irving Breakstone, John O'C. Fitzgerald, Joseph Keig, Sr., Chicago, Ill., for appellant.

Charles F. Short, Jr., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

DUFFY, Chief Judge.

This is a motion to dismiss the appeal. Plaintiff filed a complaint in the District Court charging conspiracy and demanding compensatory damages of $15,000,000, and exemplary damages of $10,000,000. Three Illinois corporations and seven individuals, citizens of Illinois, were named as defendants and were served with process. These defendants will hereinafter be called "Appellees". Two Texas corporations and two non-resident individuals were also named as defendants but were not served.

Appellees filed a motion for summary judgment which was granted as to them on March 8, 1955. Plaintiff appeals from this order. The basis for the pending motion to dismiss the appeal is that the order appealed from is not a final decision.

Section 1291, Title 28 U.S.Code, grants jurisdiction to this Court to review "all final decisions of the district courts." Section 1292 permits a review of a limited category of interlocutory orders none of which are applicable here. The question before us is whether the order for summary judgment in favor of some but not all of the named defendants is a final decision.

Appellant moves in this Court that defendants, Fiscal Agents, Inc., a Texas corporation, Leland Fikes, Harold J. Knop and Southwest Mortgage and Loan Corporation, a Texas corporation (none of whom were served) be dismissed without prejudice or, in the alternative, that the plaintiff be given ten days from the date of the entry of an order on this motion within which to make a motion in the United States District Court, Northern District of Illinois, Eastern Division, to dismiss said named defendants without prejudice, and to file an augmentation of the record in this Court showing such defendants to have been dismissed without prejudice.

In the ordinary case where complaint is dismissed as to some defendants, leaving the cause pending as to other defendants, it is well established that the order of dismissal is not appealable. Kuhn v. Canteen Food Service, Inc., 7 Cir., 150 F.2d 55, 56; Tauzin v. Saint Paul Mercury Indemnity Co., 5 Cir., 195 F.2d 223, 225; Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853, 855.

Rule 54(b), Federal Rules of Civil Procedure, as amended in 1948, 28 U.S.C., does not help the plaintiff. In the first place, the District Court did not make, as the Rule requires, a determination that there was no just reason for delay and that a final judgment be entered. Furthermore, that Rule applies only to a case in which multiple claims are asserted by or against one or more of the parties. In the absence of multiple claims, no final judgment can be entered under the Rule. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105. The case at bar involves only multiple parties—not multiple claims. The complaint charges a conspiracy. Such an allegation states but a single claim. Steiner v. 20th Century-Fox Film Corporation, supra; F. L. Mendez & Co. v. General Motors Corporation, 7 Cir., 161 F.2d 695.

We think the fact that the remaining four defendants are residents and citizens of Texas, and have not been served in the action, does not make inapplicable the rule of law hereinbefore quoted. The defendants, other than appellees, are still parties to this lawsuit. Service may still be had on some or all of them. This Court is without jurisdiction to entertain plaintiff's motion to dismiss as to them. In fact, we can take no action whatever except to grant the motion to dismiss the appeal. It is so ordered.