IN THE MATTER OF THE TRUST ESTATE OF
WALLACE R. FARRINGTON, DECEASED.

No. 4017.

ARGUED NOVEMBER 4, 1957.        DECIDED NOVEMBER 14, 1957.

RICE C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* In a proceeding for the appointment of
a successor trustee or trustees in the trust estate of Wallace
R. Farrington, deceased, a petition and two cross-com-
plaints were filed.

Edmond H. Leavey filed a petition in which he sought
his own appointment as trustee. Elizabeth P. Farrington,
and John Farrington and Beverly Farrington Richard-
son, by their guardian ad litem, filed a cross-complaint in
which they sought the appointment of Elizabeth P. Far-
rington, Riley H. Allen, J. Garner Anthony and Paul L.
McIlree as trustees. Ruth Farrington Leavey, Frances
Farrington Whittemore, and their issue, hereinafter re-
ferred to as Ruth Farrington Leavey and others, filed a
cross-complaint in which they sought the appointment of
Edmond H. Leavey, J. Ballard Atherton and J. Walter
Cameron as trustees.

On June 1, 1955, the trial judge entered an order in
which he dismissed the petition of Edmond H. Leavey and
the cross-complaint of Ruth Farrington Leavey and others,
granted the cross-complaint of Elizabeth P. Farrington,
John Farrington and Beverly Farrington Richardson, and
appointed Elizabeth P. Farrington, Riley H. Allen, and
Paul L. McIlree as trustees. The order provided:

"This order with respect to the appointment of
trustees shall take effect upon filing by the above named
trustees of a bond in the sum of $10,000, with them-
selves as principals, in such form and with such surety

or sureties as shall be approved by the court."

On June 10, 1955, Ruth Farrington Leavey and others filed a motion for a new trial. Edmond H. Leavey did not join in the motion, nor did he file such a motion of his own. On October 31, 1956, the trial judge denied the motion. On the same day Elizabeth P. Farrington, Riley H. Allen and Paul L. McIlree filed their bond as trustees.

On November 26, 1956, Edmond H. Leavey and Ruth Farrington Leavey and others appealed to this court from the trial judge's order of June 1, 1955.

Elizabeth P. Farrington, John Farrington and Beverly Farrington Richardson move to dismiss Edmond H. Leavey's appeal on the ground that it is not timely.

Appeals may be taken only from final judgments, except in cases of interlocutory appeals under R. L. H. 1955, § 208-3, formerly R. L. H. 1945, § 9503. Edmond H. Leavey's appeal is not an interlocutory appeal. A judgment which takes effect upon the fulfilment of a condition is not final until the condition is fulfilled, unless such condition is ministerial. (*Dodd* v. *Daniel,* 89 S. W. [2d] 494) A requirement for the filing of a bond is not ministerial. (*Wrather* v. *Wrather,* 154 S. W. [2d] 955; *Hays* v. *Dow,* 237 Mo. App. 1, 166 S. W. [2d] 309)

The question as to the timeliness of an appeal is governed by Hawaii Rules of Civil Procedure. An appeal must be taken within 30 days from the entry of the judgment appealed from. (Rule 73 [a]) A judgment includes any order from which an appeal lies. (Rule 54 [a]) The running of the time for appeal is terminated by a timely motion for a new trial and the full time for appeal commences to run from the entry of an order denying such motion. (Rule 73 [a]) A motion for a new trial must be served not later than 10 days after the entry of the judgment. (Rule 59 [b])

The application of these rules is simple in a case in-

volving a single claim made by a single party. A question as to the application of the rules is raised here because this is a case of multiple litigation. A multiple litigation may involve multiple parties and multiple claims, multiple parties and a single claim, or a single party and multiple claims.

In this case there are multiple parties. Whether the case involves a single claim or multiple claims depends upon the definition of the term "claim." Under a broad definition of the term, the case may involve a single claim because it is concerned solely with the question of the appointment of a successor trustee or trustees. Under a narrow definition of the term, the case involves multiple claims because different parties seek the appointment of different trustee or trustees on different grounds.

For the decision of the instant motion to dismiss, it makes no difference whether the case involves a single claim or multiple claims.

If this case involves a single claim, then the order of June 1, 1955, appointing the trustees, must be considered the judgment on the claim and such order did not become a final judgment until the motion for a new trial was denied and the trustees filed their bond.

If the case involves multiple claims, and the denial of Edmond H. Leavey's petition, the denial of the cross-complaint of Ruth Farrington Leavey and others, and the granting of the cross-complaint of Elizabeth P. Farrington, John Farrington and Beverly Farrington Richardson are considered three separate orders, such orders could have been separately appealed only if they were entered in accordance with rule 54 (b) of Hawaii Rules of Civil Procedure, which provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the

entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Here the order with respect to the denial of Edmond H. Leavey's petition and the cross-complaint of Ruth Farrington Leavey and others is final in form. But the order with respect to the granting of the cross-complaint of Elizabeth P. Farrington, John Farrington and Beverly Farrington Richardson is not final in form. Furthermore, whatever finality that existed in the order with respect to the denial of the cross-complaint of Ruth Farrington Leavey and others and the granting of the cross-complaint of Elizabeth P. Farrington, John Farrington and Beverly Farrington Richardson was terminated by the timely serving of the motion for a new trial. Thus, there was no final adjudication of all of the claims until the motion was denied and the bond was filed. In the absence of the final adjudication of all of the claims, the adjudication with respect to Edmond H. Leavey's claim could not be clothed with the finality requisite for appeal except upon the express determination of the trial judge that there was no just reason for delay in entering a final judgment and upon an express direction for the entry of such judgment. There was no such determination and direction.

Rule 54 (b) of Hawaii Rules of Civil Procedure is identical with rule 54 (b) of the Federal rules, as amended on March 19, 1948.

In order to understand the full import of rule 54 (b), as amended, it is necessary to examine the procedure generally observed in connection with multiple litigation before the adoption of the Federal rules and the procedure under rule 54 (b) as originally adopted.

At common law, an action was considered a single judicial unit, although it involved multiple parties and multiple claims, and a judgment was not final until it adjudicated the unit in its entirety. With the expansion of the scope of multiple litigation by the liberal allowance of joinder of parties and claims, the rigidity of the single judicial unit theory of the common law was relaxed and refinements were added thereto, so that in proper cases multiple units were recognized. Where such recognition was made, a judgment adjudicating one or more units was final for the purpose of appeal, although the adjudication did not embrace all units. (Moore's Federal Practice, 2d Ed., § 54.19)

Original rule 54 (b) was designed and adopted as a directive to the trial court for the disposition of separate units in multiple litigation. (Moore's Federal Practice, 2d Ed., § 54.20) The rule permitted the entry of a judgment with respect to a claim at any stage in a litigation involving multiple claims.

Difficulties were encountered in connection with the application of the original rule. These difficulties stemmed from the fact that there was considerable uncertainty as to what constituted a judicial unit. Such uncertainty existed not only in the trial courts, but also in the appellate courts. The trial courts and the appellate courts did not always agree. (*Dickinson* v. *Petroleum Conversion Corp.*, 338 U. S. 507; *Audi Vision Inc.* v. *RCA Mfg. Co.*, 136 F. [2d] 621) In *Audi Vision Inc.* v. *RCA Mfg. Co.*, the court said that the determination of the finality of a judgment "is a matter for the appellate court to decide,

whatever may have been the view of the trial court." In the situation, careful practice dictated that in multiple litigation a litigant who had any doubt as to the finality of any partial judgment against him take timely appeal from such judgment. Under such practice, fruitless appeals were frequently taken.

Because of this situation, the Advisory Committee of the Supreme Court of the United States gave special attention to rule 54 (b) when it undertook the revision of the Federal rules and recommended the present rule. (Moore's Federal Practice, 2d Ed., § 54.26) The amended rule eliminates the uncertainty as to the finality of a partial adjudication by a trial court. Under it a partial adjudication by the trial court is final if it makes the determination and direction required thereunder; if the trial court fails to make such determination and direction an adjudication of less than all of the claims is interlocutory and not appealable.

*Continental Casualty Co.* v. *United States,* 167 F. (2d) 107, is cited in support of the motion to dismiss. That case was decided on March 31, 1948, shortly after the amendment to the original rule became effective. But it involved a judgment that was entered by the trial court on May 1, 1947, almost one year before the effective date of the amendment. So, the case was governed by the original rule, which did not require the determination and direction of the trial judge specified in the amended rule.

The motion to dismiss the appeal of Edmond H. Leavey is denied.

*J. Garner Anthony* (*Robertson, Castle & Anthony*) for appellees (cross plaintiffs) for the motion.

*J. Russell Cades* (*Smith, Wild, Beebe & Cades*) and *Moore, Torkildson & Rice* for appellants (defendants-cross plaintiffs) contra.