**GOLDLAWR, INC., Plaintiff-Appellant,**

v.

**Marcus HEIMAN, Select Operating Corporation and United Booking Office, Inc., Defendants-Appellees,**

and

**Milton Shubert, William Klein and Sylvia W. Golde, Defendants.**

**Nos. 25964, 25965.**

United States Court of Appeals Second Circuit.

Motions Argued Dec. 7, 1959.

Decided Dec. 29, 1959.

Rehearing Denied Jan. 18, 1960.

**730**

———◆———

Gerald Schoenfeld and Bernard B. Jacobs, New York City, for defendant-appellee Select Operating Corp.

Gerald Schoenfeld and Bernard B. Jacobs, and Lipper, Shinn & Keeley, New York City, for defendant-appellee, United Booking Office, Inc. (C. Russell Phillips and Hugh G. Moulton (of Montgomery, McCracken, Walker & Rhoads), Philadelphia, Pa., of counsel for above two defendants-appellees).

Lipper, Shinn & Keeley, New York City, for defendant-appellee Morgan Guaranty Trust Co. and Asher Levy, Executors of the Estate of Marcus Heiman, deceased.

Curtis, Mallet-Prevost, Colt & Mosle, New York City (Harold E. Kohn and Dolores Korman of Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., of counsel), for plaintiff-appellant.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

PER CURIAM.

The amended complaint against six defendants alleges a conspiracy to violate the anti-trust laws and damage caused thereby to the plaintiff in the operation of the Erlanger Theatre in Philadelphia. It prays for a judgment against all the defendants in the amount of $1,050,000 to be trebled in accordance with the Clayton Act, 15 U.S.C.A. § 15, together with costs and an attorney's fee, and for an injunction. As against three of the defendants, the appellees, the action was dismissed for lack of personal jurisdiction. The action remained pending against the others. The judgment of dismissal contained a direction, such as is provided for by amended Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that there was no just reason for delay and that judgment be entered in favor of the three defendants. Thereupon plaintiff filed timely notice of appeal. Amended Rule 54(b) expressly deals with multiple claims; consequently the weight of authority has held that in situations involving multiple parties but only a single claim, a 54(b) certificate is ineffective to make appealable a judgment dismissing the action against some parties but leaving it pending against others.[1] Some decisions in the Second Circuit appear to have taken a contrary view. Lopinsky v. Hertz Drive-Ur-Self Systems, Inc., 2 Cir., 1951, 194 F.2d 422; Colonial Airlines v. Janas, 2 Cir., 1953, 202 F.2d 914; Rao v. Port of New York Authority, 2 Cir., 1955, 222 F.2d 362, and United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213. On further consideration we have concluded that the Fifth, the Eighth, the Ninth and, as we read its opinions, the Seventh Circuit have been correct in thinking that amended Rule 54(b) does not allow a finding of finality in the case here presented where a single claim against multiple parties is dismissed as against some but not all. In conse-

---

[1] Steiner v. 20th Century Fox Film Corp., 9 Cir., 1955, 220 F.2d 105; Nettles v. General Accident Fire and Life Assurance Corp., 5 Cir., 1956, 234 F.2d 243; Brandt v. Renfield Importers, Ltd., 8 Cir., 1959, 269 F.2d 14. The Seventh Circuit indicated its agreement with this view in Hardy v. Bankers Life & Casualty Co., 7 Cir., 1955, 222 F.2d 827, although in that case no Rule 54(b) certificate had in fact been made; we do not read Morgan Drive Away, Inc. v. International Brotherhood of Teamsters, 7 Cir., 1959, 268 F.2d 871, as taking a different view. See also 6 Moore, Federal Practice § 54.34[2].

quence we must dismiss the appeals for want of appellate jurisdiction.

Appeals dismissed.

SWAN, Circuit Judge (concurring).

I agree, but wish to add that in my opinion dismissal of the appeal accords with our recent decisions. Cott Beverage Corporation v. Canada Dry Ginger Ale, Inc., 2 Cir., 243 F.2d 795, 796; Schwartz v. Eaton, 2 Cir., 264 F.2d 195, 197; Seaboard Machinery Corp. v. Seaboard Machinery Corp., 2 Cir., 267 F.2d 178, 179. See also Gauvreau v. United States Pictures, 2 Cir., 267 F.2d 861; John and Sal's Automotive Service, Inc. v. Jones Beach State Parkway Authority, 2 Cir., 267 F.2d 862.

On Petition for Rehearing.

PER CURIAM.

Appellant has applied for rehearing of our decision of December 29, 1959, that amended Rule 54(b) of Federal Civil Procedure, 28 U.S.C., does not allow such a finding of finality as is required for an appeal under 28 U.S.C. § 1291 in a case "where a single claim against multiple parties is dismissed as against some but not all." In the alternative appellant seeks an amendment of our order dismissing the appeal so as to permit appellant to proceed under the Interlocutory Appeals Act, 28 U.S.C. § 1292(b), alleging that it would have sought to do this in the first instance if the rule stated in our recent opinion "had been previously announced."

The petition for rehearing is denied. However, since here "the question of jurisdiction was not obviously settled by prior decisions," the appropriate course is, in dismissing the appeal under 28 U.S.C. § 1291, also to vacate Judge Palmieri's judgment of September 1, 1959, for the sole purpose of permitting him to "enter a fresh decree" in which he may include the statement described in 28 U.S.C. § 1292(b) if in his full discretion he determines that such a statement is here justified. See Phillips v. United States, 312 U.S. 246, 254, 61 S.Ct. 480, 85 L.Ed. 800; Rorick v. Board of Commissioners, 307 U.S. 208, 213, 59 S.Ct. 808, 83 L.Ed. 1242; In re Cook's Motors, 1 Cir., 142 F.2d 369, 370.

It is so ordered.