John Joseph MULL, Plaintiff-Appellant,

v.

Edwin ACKERMAN, Defendant-Respondent,

Colt Co., Inc., et al., Defendants.

No. 331, Docket 26095.

United States Court of Appeals Second Circuit.

Argued May 12, 1960.

Decided June 2, 1960.

Lawrence Lauer, New York City, for plaintiff-appellant.

Norbert Ruttenberg, New York City (Edward Cherney, New York City, on the brief), for defendant-respondent.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Plaintiff brought this action in the Southern District of New York to recover damages of $500,000 alleged to have been sustained as a result of having been struck by a taxicab in New York City. The complaint named as defendants Colt Co., Inc., the owner of the cab, Fermaglick, its driver, Ackerman and others who were alleged to dominate Colt Co., Inc. so as to make them liable for its actions, two companies alleged to have failed to maintain the cab properly, the company that manufactured the cab and the dealer that sold it. Federal jurisdiction was based on diversity of citizenship. Ackerman moved pursuant to Fed.R.Civ.Proc. 12(b) to dismiss the complaint as to him as failing to state a claim upon which relief can be granted. The district judge granted the motion and ordered "that in accordance with Rule 54(b) of the Rules of Civil Procedure, it is hereby determined that there is no just reason for delay and the entry of judgment dismissing the complaint as against the defendant, Edwin Ackerman, is accordingly directed." Plaintiff has appealed from this order and judgment.

Amended Rule 54(b) applies by its terms only "When more than one claim for relief is presented in an action." In Goldlawr, Inc. v. Heiman, 2 Cir., 1959, 273 F.2d 729, 731, we made it clear that the Rule "does not allow a finding of finality * * * where a single claim against multiple parties is dismissed as against some but not all." That is precisely this case. Plaintiff asserts a single claim for the injury alleged to have been done him by the taxicab; the order sought to be appealed dismisses the claim only as against Ackerman. Such an order is not a "final decision" under 28 U.S.C. § 1291. As said in Goldlawr, Inc. v. Heiman, supra, "a 54(b) certificate is ineffective to make appealable a judgment dismissing the action against some parties but leaving it pending against others." The distinctions of Goldlawr asserted by plaintiff are unconvincing. The case is parallel to Lopinsky

v. Hertz Drive-Ur-Self System, Inc., 2 Cir., 1951, 194 F.2d 422, which was disapproved in Goldlawr insofar as it had sustained the application of Rule 54(b). See 6 Moore, Federal Practice, ¶54.34[2], at 247–248 (2d ed. 1953).

Appeal dismissed.