**R & E DENTAL SUPPLY CO., Inc.,**
**Plaintiff,**

**v.**

**RITTER CO., Inc., General Dental Supply Co., Inc., Guterman Dental Supply Co., Inc. and American Dental Trade Association, Defendants.**

United States District Court
S. D. New York.
Nov. 27, 1959.

On Motion For A "Fresh" Order
June 30, 1960.

I. Ben Greenman, New York City, for plaintiff.

Simpson, Thacher & Bartlett, New York City, for defendant, American Dental Trade Assn.

WEINFELD, District Judge.

Upon the argument of the motion, the Court granted that branch of it which sought to quash the extraterritorial service of the summons and complaint upon the defendant, American Dental Trade Association, an unincorporated association, which had been served in the District of Columbia. The Court relied upon its own recent ruling in McManus v. Tato, D.C.S.D.N.Y., 184 F.Supp. 958, decided October 26, 1959.

However, it did not follow that the defendant was entitled to a dismissal of the action since if it "is found" within the district, venue is proper, 15 U.S. C.A. § 15, and, in that circumstance, plaintiff may still be in a position to effect proper service here. Both sides agree that on the venue issue the test is the same as that applied to a corporation outside the state of its incorporation. Cf. Sperry Products, Inc. v. Association of American Railroads, 2 Cir., 1942, 132 F.2d 408, 145 A.L.R. 694, certiorari denied 1943, 319 U.S. 744, 63 S.Ct. 1031, 87 L.Ed. 1700; Portsmouth Baseball Corp. v. Frick, D.C.S.D.N.Y.1955, 132 F. Supp. 922; American Airlines, Inc. v. Air Line Pilots Ass'n, D.C.S.D.N.Y.1958, 169 F.Supp. 777. The test is whether any substantial part of the defendant's activities are continuously carried on in this district. The Court, after a review of the deposition of the defendant's secretary, submitted by the plaintiff in support of its position that venue is proper, and all other papers, has concluded that the defendant is not found within the district.

There can be little doubt that all major activities of the defendant association and the nerve center of its operation are in the District of Columbia. Its only office is located there; its entire staff functions from there; no officer or staff member is assigned to or permanently works at any office in this district. It maintains no office here. It has no bank account, personal or real property in this district. No annual meeting has been held in this district. Every functional aspect of defendant's operations is carried on in Washington, D. C.

The plaintiff urges that various committee meetings are held here. However, these are sporadic and irregular and are held here to serve the convenience of individual committee members. The participation of resident committee members in those meetings is insufficient to meet the test of "presence" or "found". Neither is the association to be found here because two of its eleven directors are connected with member firms located within the Southern District; nor because 16% of its total national membership consisting of dealers and manufacturers are located here—any more so than a corporation would be held to be "found" within a district simply by reason of the fact that 16% of its stockholders reside there.

The Court has considered all the contentions advanced by plaintiff but they do not give support to a conclusion that venue is proper. The activities of individuals affiliated with members of the defendant are irregular, spasmodic and lack continuity. They fail to reach those minimum contacts which are necessary to support the claim that the defendant is to be found within this district.

The motion to dismiss for lack of proper venue is granted.

Settle order on notice.

On Motion for a "Fresh" Order

On November 27, 1959, this Court filed an opinion holding (1) that the extra-territorial service of the summons and complaint upon the moving defendant, an unincorporated association, in the District of Columbia, was unauthorized under section 12 of the Clayton Act, 15 U.S.C.A. § 22; and (2) that venue was not proper since the defendant was not "found" in the district within the meaning of that term under 15 U.S.C.A. § 15.

Thereafter, on December 17, 1959, an order was duly entered thereon, dismissing the action as to the moving defendant. It was continued as to the remaining defendants. Although ample notice of settlement of the proposed order was given to plaintiff's counsel, no request was made for the inclusion of an express direction for the entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C. A., or for a statement by the Court under the Interlocutory Appeals Act, 28 U.S. C.A. § 1292(b).

On December 21, 1959, the plaintiff filed a notice of appeal from the order as entered. Thereafter, the plaintiff moved to dismiss its appeal, which motion was granted without prejudice by

the Court of Appeals on March 31, 1960. The inspiration for this voluntary dismissal was the per curiam opinion on reargument of Goldlawr, Inc. v. Heiman, 2 Cir., 1960, 273 F.2d 729, 731, in which it was held that although a judge's certificate under Rule 54(b) was ineffective to render a judgment appealable as to one defendant in a single claim action which was continued as to other defendants, it was appropriate, since "the question of jurisdiction was not obviously settled by prior decisions," to vacate the judgment for the sole purpose of entering a "fresh" decree to permit the court below to exercise its discretion under 28 U.S.C.A. § 1292(b).

The plaintiff here, having obtained the dismissal of its appeal, then made the present motion—four months after the entry of the original order—for a "fresh" order and for a statement to be contained therein pursuant to 28 U.S.C.A. § 1292 (b). The device of remanding a matter to a lower court for the entry of a "fresh" judgment or decree, which, if granted, permits the prosecution of an appeal anew where time to appeal has expired, is an extraordinary procedure which should be resorted to only under the most compelling circumstances. It has thus far been employed upon the initiation of higher courts themselves, where a jurisdictional question, not previously resolved, was finally settled in the particular case, resulting in the dismissal of the appeal for lack of jurisdiction and the denial of a hearing on the merits, although a timely appeal had been filed.[1] In such circumstances, the courts, to save the parties their proper remedies, have remanded the causes for appropriate proceedings, which, in end result, would permit appeals within the framework of the settled jurisdictional issues.

The instant case does not warrant the application of the foregoing doctrine, and plaintiff's reliance upon Goldlawr, Inc. v. Heiman, supra, is misplaced. Here, unlike that matter, no certificate was issued under Rule 54(b), nor was any requested. There, the appealing party was led to believe that the issuance of the certificate would vest the Court with jurisdiction to hear the appeal. That there was justification for this belief was recognized by the Court when it acknowledged that the jurisdictional issue "was not obviously settled" previously.

But beyond the foregoing, there is no substantial basis for the granting of the application. Our Court of Appeals in Gottesman v. General Motors Corp., 1959, 268 F.2d 194, has clearly indicated that certificates under section 1292 (b) are sparingly to be granted—at least only when the precise terms of the statute have been met. Such is not the situation here. The mere fact that counsel is of the view that there are cases which go counter to the Court's ruling does not establish that there is "substantial ground for difference of opinion."

On the question of whether or not section 12 of the Clayton Act, authorizing extra-territorial service of process, is applicable to unincorporated associations, there appears to be no holding contrary to this Court's ruling. Indeed, the holdings appear to be in accord with the Court's disposition.[2]

On the issue of whether a corporation is "found" or "present" within a district, the law is clear. Each given situa-

1. Cf. Phillips v. United States, 1941, 312 U.S. 246, 254, 61 S.Ct. 480, 85 L.Ed. 800; Rorick v. Board of Commissioners, 1939, 307 U.S. 208, 213, 59 S.Ct. 808, 83 L.Ed. 1242; Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 1934, 292 U.S. 386, 392, 54 S.Ct. 732, 78 L.Ed. 1318; United States v. New York, N. H. & Hartford R. R., 2 Cir., 1960, 276 F.2d 525, 537; Goldlawr, Inc. v. Heiman, 2 Cir., 1960, 273 F.2d 729.

2. E.g. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871, 875; Rohlfing v. Cat's Paw Rubber Co., D.C.N.D.Ill.1951, 99 F.Supp. 886, 892–893. See also Riss & Co. v. Ass'n of Western Railways, D.C. D.C.1958, 159 F.Supp. 288, 290.

tion involves the application of the law, as to which it cannot be asserted there is any "substantial ground for difference of opinion," to the facts.

The motion is denied in all respects.