Pietro Frasca POLARA, Plaintiff-Appellant,

v.

TRANS WORLD AIRLINES, INC., New York Airport Terminal Inc., and The Port of New York Authority, Defendants-Appellees.

No. 56, Docket 26119.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1960.

Decided Nov. 3, 1960.

See also D.C.S.D.N.Y., 179 F.Supp. 957.

**36**

Anthony B. Cataldo, New York City (Gerald J. McKernan and James M. Leonard, New York City, on the brief), for plaintiff-appellant.

P. G. Pennoyer, Jr., of Bigham, Englar, Jones & Houston, New York City, for defendant-appellee Trans World Airlines, Inc.

Alexander Gangel, New York City (Cohen, McQuirk & Michels, New York City, on the brief), for defendant-appellee New York Airport Terminal Inc.

Francis X. Curley, New York City (Sidney Goldstein and Milton H. Pachter, New York City, on the brief), for defendant-appellee The Port of New York Authority.

Before CLARK and FRIENDLY, Circuit Judges, and DIMOCK, District Judge.

CLARK, Circuit Judge.

This is an action to recover damages for personal injuries suffered by plaintiff when he tripped and fell on the apron area of the airfield at La Guardia Airport, Queens, New York. Plaintiff had debarked from a TWA airplane and had progressed to the baggage counter in the Arcade Building when he discovered that he had lost his wallet. In attempting to return to the plane he took a passageway which contained various obstructions and which may have been blocked off by a chain at the end. While the exact cause of his fall is in dispute, it is established that he was found lying on the ground at the end of the passageway, having suffered the injuries of which he complains. He testified that he was directed to take this passageway by certain employees of defendants TWA and the New York Airport Terminal Inc. At the close of the case the court directed a verdict for defendant The Port of New York Authority on the ground that the plaintiff had failed to show the breach of any duty owed him by the Authority. Thereafter the jury gave a verdict in favor of defendants TWA and Terminal.

■■ The first asserted error is to the court's direction of a verdict in favor of defendant Authority. Before considering this issue on its merits we must consider the Authority's motion to dismiss the appeal against it as untimely. This is based on the undoubted fact that plaintiff's notice of appeal was not filed within 30 days after the original entry of judgment upon the verdict directed for the Authority. The court made this direction on May 27, 1959, and the jury verdict for the two remaining defendants was returned the next day, on May 28, 1959. On the latter day in accordance with approved practice—see F.R. 58—the clerk entered a formal judgment for all defendants. Plaintiff, however, promptly moved for a new trial against the other defendants. This had the effect of terminating the running of the time for appeal against all the defendants. As to the two defendants against whom the motions were directed this follows by the express terms of F.R. 73(a), and as to the defendant Authority it is a necessary conclusion from the authorities. For all the defendants were sued as being responsible for the one accident; and it is now thoroughly settled that under

these conditions there is not a final appealable judgment against one while adjudication has not been made as to all. See, e. g., Goldlawr, Inc. v. Heiman, 2 Cir., 273 F.2d 729; Gauvreau v. United States Pictures, Inc., 2 Cir., 267 F.2d 861, with cases cited at page 862; Republic of China v. American Express Co., 2 Cir., 190 F.2d 334; Bowling Machines, Inc. v. First Nat. Bank of Boston, 1 Cir., 283 F.2d 39; New Amsterdam Cas. Co. v. United States for Use of Carpenter Plumbing Co., 5 Cir., 272 F.2d 754; Luria Brothers & Co. v. Rosenfeld, 9 Cir., 244 F.2d 192. Hence plaintiff's motions for a new trial against the other defendants stopped the running of the time for appeal as to the defendant Authority also; and it is clear, as we have held, that no appeal could be had as to it as well as the other defendants until the motions were decided. Studer v. Moore, 2 Cir., 153 F.2d 902. That occurred on August 8, 1959, when the court denied the motions and started the appeal time running anew as to all the defendants. Hence the general notice of appeal, filed August 27, 1959, was timely as to all of them.[1]

Turning to the merits of this issue it appears that the apron area and passageway on which plaintiff fell were part of the airport premises, which had been leased in their entirety to the Port Authority by the City of New York. Paragraph five of the lease with the City required the Authority to keep the premises in good repair. Paragraph thirty-seven gave the Authority power and discretion to operate and maintain the airport, and to make such agreements toward that end as the Authority thought desirable. At the time of the accident TWA had obtained a space permit from the Authority for the use of an area in the Arcade Building as a waiting room. One of the means of access to the area

thus used by TWA was Gate 10, outside which TWA had erected a "control fence." This fence consisted of two parallel chains about a meter apart and supported on a series of posts. These two parallel chains extended about thirty feet out from Gate 10, and the passageway thus formed was sealed off by a cross chain about three or four feet high. TWA erected and maintained this passageway with the consent of the Authority and subject to its rules and regulations. Adjacent to the passageway on either side was equipment of TWA and Northeast Airlines used in connection with their air service. Plaintiff testified that he was directed down this passageway by an employee of TWA and Terminal, that the passageway was dim because of the high piles of surrounding equipment, and that he fell over something, either an obstruction in the passageway or a chain at the end.

Plaintiff asserts that the Authority was negligent in permitting TWA to establish a passenger control fence in which a chain was permitted to obstruct a means of ingress or egress. But an airport must have some means of controlling passengers so that they do not wander into dangerous areas on the field, and the CAA Flight Safety Division so requires. The passenger control fence as such was no danger to passengers, notwithstanding the chain at the end; and simple maintenance of the fence is not negligence. If the passageway became cluttered with other obstructions, that might provide a foundation for a finding of negligence on the part of TWA, which maintained the fence and some of the adjacent equipment. But no evidence was introduced to show that the Authority had notice that its permittee had allowed dangerous obstructions to impede the passageway, or to show that the Authority should have had such notice. Ac-

1. The record is complicated by a premature notice of appeal filed July 23, 1959, and by various motions of plaintiff to extend the time to file notice of appeal and for rehearings of denials of such motions—all of which were denied by the trial court. At least some of these ap-

pear to be protective and cumulative in purpose; in any event all were superfluous. Hence the judge was in error in his memorandum of January 7, 1960, D.C.S.D.N.Y., 179 F.Supp. 957, in denying such a motion on the ground that the time for appeal had expired.

cordingly the directed verdict in favor of the Authority was proper.

■ In so far as defendants TWA and Terminal are concerned, plaintiff's main objections on this appeal relate to the charge to the jury. The court charged that these defendants owed plaintiff a duty to use reasonable care under the circumstances. Plaintiff asserts that TWA was a common carrier and "as such owed to plaintiff the duty of exercising the highest degree of care." Under New York law, which governs the present case, the duty to use "highest care" does not extend to the maintenance of stational facilities and of means of ingress and egress. Beltz v. Buffalo, R. & P. R. Co., 222 N.Y. 433, 119 N.E. 81; Kelly v. Manhattan R. Co., 112 N.Y. 443, 20 N.E. 383, 3 L.R.A. 74. The charge as to degree of care was therefore correct.

■ Plaintiff testified that he had been directed to take the passageway in which he fell by an employee of TWA and Terminal. On this basis plaintiff requested a charge that in being directed to take a particular pathway to the plane he had the right to rely upon "an implied assurance that the pathway was safe." This charge is defective in assuming a disputed fact. But an invitation or direction to a certain course, if issued, is a circumstance to be considered in determining the degree of vigilance to be required of plaintiff. Oldenburg v. New York Cent. & H. R. R. Co., 124 N.Y. 414, 26 N.E. 1021. While the court did not so charge in explicit terms, yet it did emphasize as a substantial issue the question whether defendants' employees gave the direction in question, whether he was reasonably justified in believing that they were acting within the scope of their employment in so doing, and whether he relied on such belief. This accepts the point of the plaintiff's request and is incomplete for omission of discussion of the plaintiff's duty to use reasonable care for his own safety, which was later defined. In any event we see no error of which the plaintiff can complain in the refusal to charge as requested.

■ Plaintiff also objects to denial of the following request to charge: "If the jury find that the sky-cap of defendant New York Airport Terminals directed plaintiff to take a short-cut back to the plane, and that that short-cut had an obstruction or obstructions over which plaintiff fell and was injured, you must find defendants Trans World Airlines and New York Airport Terminals guilty of negligence." The court denied this request on the ground that other factors not included in the request must be included. The court charged instead: "If you find that that route offered a danger or hazard to the plaintiff under all these circumstances [dim light and obstructions] and that he was directed to take it, then you may find that the defendants were negligent." The charge on this point was fuller and more appropriate in the light of the circumstances than plaintiff's request, and no error was committed.

■ Plaintiff asserts that the court, in its charge, gave a factual account of the accident not justified by the testimony. The court's description of the time of the accident and the lighting conditions then existing was perhaps over-favorable to the defendants in view of the conflicting evidence on this point. But the issue was not controlling, and the jury was instructed to rely on its own recollection, not on the court's. Otherwise we find the factual account of the accident and the different versions given by plaintiff and defendants appropriately summarized in the charge. There is sufficient evidence in the record that the chain was up, and that plaintiff was running, to justify the court's reference to these factors as possible causes of the accident. Since the court had taken pains carefully to define the defendants' "version" of the accident (which denied the express invitation and relied on the chain being up), the later references to the effect that the jury's acceptance of this version would exonerate the defendants were not erroneous.

■ Numerous other errors, most of them trivial in nature, are also asserted.

These we hold not reversible error, and we see little to be gained from discussing them in detail. Plaintiff's request for a charge that defendants would be liable if they negligently permitted the passageway to become obstructed was properly rejected. The defendants would not be liable in such a case if plaintiff were guilty of contributory negligence. The court, in affirmatively charging that plaintiff had a duty to look out for ordinary or apparent obstacles, might also have indicated that plaintiff had no duty to expect latent or hidden dangers; but we do not think the more abbreviated charge is erroneous. It is to be noted that the plaintiff did not take exceptions to the charge at the time, but found it "very, very good."

Plaintiff asserts that he was prejudiced by two re-readings of the portion of the charge relating to contributory negligence. About two and one-half hours after the jury retired for deliberations it informed the court of an apparently irreconcilable division on the question of contributory negligence and sought advice. The court recalled the jury and asked whether a re-reading of the charge would be of assistance. At the request of a juror the portion of the charge relating to contributory negligence was re-read. The jury subsequently retired, but soon requested a written copy of the court's charge on that issue. The court denied this request, but instead re-read that portion of the charge a second time. Plaintiff asserts that these re-readings gave undue emphasis on his duty to avoid the accident in comparison to the defendants' duty to use reasonable care. Freedom from contributory negligence is an element of the plaintiff's case, however; and a re-reading of the charge to eliminate difficulties which the jury was having on the issue was entirely proper and indeed virtually necessary under the circumstances. See Allis v. United States, 155 U.S. 117, 15 S.Ct. 36, 39 L.Ed. 91.

Various asserted errors in admission or exclusion of evidence seem to us without merit, being either insignifi-

cant or groundless. The contention that the verdict should have been set aside as against the weight of the evidence is obviously unsupportable.

The Authority's motion to dismiss the appeal is denied and the judgment is affirmed.