Murray FERGUSON, as Trustee in Reorganization of Equitable Plan Company, Plaintiff-Appellee,

v.

BARTELS BREWING COMPANY (PA.), Defendant-Appellant.

No. 57, Docket 26355.

United States Court of Appeals Second Circuit.

Argued Nov. 2, 1960.

Decided Dec. 5, 1960.

Rehearing Denied Jan. 10, 1961.

Osmond K. Fraenkel, of Hays, St. John, Abramson & Heilbron, New York City (Seymour M. Heilbron, of Hays, St. John, Abramson & Heilbron, New York City, on the brief), for defendant-appellant.

Edward C. Kalaidjian, of Thacher, Proffitt, Prizer, Crawley & Wood, New York City (Robert S. Stitt, of Thacher,. Proffitt, Prizer, Crawley & Wood, New York City, on the brief), for plaintiff-appellee.

Before SWAN, CLARK, and MEDINA, Circuit Judges.

CLARK, Circuit Judge.

Defendant The Bartels Brewing Co. (Pa.) appeals from a judgment for $118,-101.55 in favor of plaintiff granted by Judge Palmieri in the United States District Court for the Southern District of New York under F.R. 37(d), based on the failure of defendant's president, Jay F. Fisher, to appear for examination before trial. The case was argued to us on the merits and, notwithstanding Fisher's willful default, presented obvious difficulties. A very large judgment had been entered against the appellant corporation on the basis of affidavits claiming its participation in a tortious conspiracy,. but failing to show that any of the acts. of appellant's officers claimed to prove such participation were authorized. In addition, unliquidated damages were fixed without the hearing contemplated by F.R. 55(b) (2). But our subsequent research developed an issue which we must consider, even though not raised by counsel, namely, the appealability of the judgment; and since we find it to be in-

terlocutory and not final, the appeal must be dismissed without adjudication on the merits.

■ The claim on which the present judgment is based was directed also against two named codefendants alleged to have acted in concert with appellant. Where a single claim is thus alleged against multiple parties, a final, appealable judgment can be entered only against all. Goldlawr, Inc. v. Heiman, 2 Cir., 273 F.2d 729; Polara v. Trans World Airlines, Inc., 2 Cir., 284 F.2d 34, citing cases. In the present case one of the individuals named as codefendant —Lowell M. Birrell—has apparently not been served. Thus he is not a party to the case, and his designation as a codefendant would not bar entry of a final judgment against the other defendants who have been actually made parties. Siegmund v. General Commodities Corp., 9 Cir., 175 F.2d 952, 953; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 8 Cir., 111 F. 81, 84–85; Bradshaw v. Miners' Bank of Joplin, 7 Cir., 81 F. 902; cf. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; L. G. Defelice & Son, Inc. v. Globe Indemnity Co., D.C.S.D.N.Y., 23 F.R.D. 275, 278. Compare Lyford v. Carter, 2 Cir., 274 F.2d 815, where the point was adverted to, but was not necessary to decision.[1] But the other named codefendant, H. H. Begley, has been served and made a party. Thus the claim against appellant and defendant Begley must be disposed of with respect to both parties before a final, appealable judgment can be entered.

Appeal dismissed.

On Petition for Rehearing

PER CURIAM.

■ Petition denied. Petitioner overlooks our explicit holding that but a

[1.] There were still other appearing defendants who were parties only to other and separate claims pleaded in the complaint. As to these Judge Palmieri obviously intended to enter an order of separation and finality under F.R. 54(b), al-

single claim was involved, making dismissal of the appeal necessary under the present form of F.R. 54(b). Conceivably that rule may be changed to be applicable in the case of multiple parties as well as multiple claims in accordance with proposals of the former Advisory Committee (Report, October 1955, 55–56) now before the reconstituted Advisory Committee; but until that occurs, our decision is necessary. As to the request that we vacate the judgment below, we seriously doubt our power, since we lack jurisdiction over the appeal; but in any event, we think application to the district court, which retains full control over the interlocutory judgment, is preferable.

though his judgment is not overly clear in this regard. But in any event such an order would not affect the single claim here in issue. Goldlawr, Inc. v. Heiman, 2 Cir., 273 F.2d 729.