Selmes Paul FUNKHOUSER, Plaintiff-Appellant,

v.

CITY OF NEWARK, a Municipal Corporation of New Jersey, Defendant-Respondent,

and/or

The Port of New York Authority, etc., Defendant.

No. 13963.

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1962.

Decided Jan. 18, 1963.

**384**

---

Emanuel Gersten, Hillside, N. J., for appellant.

Nicholas Albano, Newark, N. J. (Vincent P. Torppey, Newark, N. J., on the brief), for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This is an action in ejectment and for the recovery of mesne profits. The complaint as amended is in one count and states a single claim for relief against the defendants jointly and severally. The action came before the court below on the motion of the defendant City of Newark to dismiss the complaint on the ground that the court was "without jurisdiction to grant plaintiff the only remedy to which he could be entitled." The motion was granted and an order of dismissal was entered accordingly. We find upon examination of the original record that a motion addressed to the complaint by the defendant Port of New York Authority was denied.

■ The present appeal is from the order of dismissal upon which no final judgment has been entered. We do not reach the questions raised on this appeal because we are of the opinion that the order of dismissal lacks the finality prerequisite to the appellate jurisdiction of this Court. 28 U.S.C.A. § 1291. The dismissal of the complaint as to the City of Newark leaves undetermined the claim for relief stated against the other defendant. The order of dismissal is therefore not appealable at this time.

■ It has been uniformly held that the dismissal of a single claim for relief as to one or more, but less than all, of the defendants is not a "final decision" within the meaning of the statute, supra. Ferguson v. Bartels Brewing Company, 284 F.2d 855 (2d Cir. 1960); Mull v. Ackerman, 279 F.2d 25 (2d Cir. 1960); Goldlawr, Inc. v. Heiman, 273 F.2d 729 (2d Cir. 1959); Reagan v. Traders & General Insurance Company, 255 F.2d 845 (5th Cir. 1958); Lee v. Porcelain Patch & Glaze Corporation, 240 F.2d 763 (5th Cir. 1957); Hardy v. Bankers Life & Casualty Co., 222 F.2d 827 (7th Cir. 1955); Brandt v. Renfield Importers, Ltd., 269 F.2d 14 (8th Cir. 1959); Steiner v. 20th Century-Fox Film Corporation, 220 F.2d 105 (9th Cir. 1955); Gold Seal Co. v. Weeks, 209 F.2d 802 (D.C. Cir. 1954); 6 Moore's Federal Practice (2nd Ed.) ¶ 54.34[2]. The order of dismissal under such circumstances is deemed subject to recall by the trial court before final disposition of the entire litigation. Ibid.

■ The most recent amendment of Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., will not avail the appellant in the instant case. The trial court has not directed the entry of final judgment, a prerequisite to the finality of decision under the express language of the rule. District 65, etc. v. McKague, 216 F.2d 153 (3rd Cir. 1954); Shipley Corp. v. Leonard Marcus Co., 214 F.2d 493 (3rd Cir. 1954); Katzman v. Hoffman, 211 F.2d 701 (3rd Cir. 1954).

The appeal will be dismissed and the action will be remanded to the District Court.