PETER BERKNESS, ALSO KNOWN AS PER BJERK-NESS *v.* HAWAIIAN ELECTRIC CO., LTD.; RONALD Y. HAMAMOTO; ANNA L. K. TATIBOUET, INDIVIDUALLY AND DOING BUSINESS AS ROYAL GROVE HOTEL APARTMENTS; B. M. HEEDE, INC.; B. M. HEEDE CALIFORNIA, INC.; B. M. HEEDE CANADA, INC.; AND B. M. HEEDE HAWAII, INC.

Nos. 4369, 4421, 4422.

April 28, 1964.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

*Per Curiam.* By his complaint in this action plaintiff seeks recovery for personal injuries alleged to have been caused by contact with an uninsulated high-voltage line while he was working on the construction of an addition to a building owned by defendant Anna L. K. Tatibouet. Joined in the action were the several other defendants above-named. The complaint alleges that the injury was proximately caused by the negligence "of the defendants, and each of them," and the prayer was for "judgment against defendants." The complaint obviously sets forth but one claim for relief against the several defendants jointly.

On January 2 and 10, 1963, the trial court granted motions of defendants Tatibouet and Ronald Y. Hamamoto to dismiss the complaint as to them. The appeal in No. 4369 is by the plaintiff from the orders of dismissal.

Defendant Hawaiian Elec. Co., Ltd. filed a cross-claim against defendants Hamamoto, Tatibouet, and the four Heede corporations. The cross-claim of Hawaiian Electric also presents but one claim for relief. After amendment, the cross-claim was dismissed as to defendants Hamamoto and Tatibouet by separate orders entered on January 27, 1964, upon their respective motions. Hawaiian Electric's appeal from the order in respect to Hamamoto is No. 4421 and from the order in respect to Tatibouet, No. 4422.

The main action remains pending in the Circuit Court against the Hawaiian Electric and the Heede corporations. Hawaiian Electric's cross-claim remains pending against the four Heede corporations.

In appeal No. 4369 this court sua sponte raised the question of whether we had jurisdiction to entertain the appeal inasmuch as the complaint had not been dismissed as to all of the defendants but only as to some of them. Subsequently defendant Tatibouet moved to dismiss the appeal in No. 4422 for lack of jurisdiction on the same

ground. We set the matter down for argument on the jurisdictional question in all three appeals.

The determination of the issue before us requires consideration of H.R.C.P., Rule 54(b),[1] reading:

"JUDGMENT UPON MULTIPLE CLAIMS. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

There was no direction by the trial court for entry of final judgment in respect to any of the orders under consideration and the court did not certify that there was no reason for delay in respect to any of such orders. Consequently, it is clear that even if Rule 54(b) could be considered applicable to the situation pertaining in this case, none of the above-numbered appeals is properly before this court, and that they must all be dismissed. "Under it [Rule 54(b)] a partial adjudication by the trial court is final if it makes the determination and direction required thereunder; if the trial court fails to make such determination and direction an adjudication of less than all of the claims is interlocutory and not appealable." *Tr. Est. W. R. Farrington, Decsd.*, 42 Haw. 192, 197.

---

[1] No interlocutory appeal was sought or allowed under H.R.C.P., Rule 73(a).

However, for guidance of the trial court, we deem it in order to consider the question of whether Rule 54(b) permits the trial court in its discretion to determine that a final judgment should be entered on an order of dismissal, and to certify that there is no reason for delay in respect thereto, where as here there is a single claim for relief against multiple defendants and the complaint (or cross-claim) has been dismissed as to some but not all of the defendants.

Rule 54(b) of the Federal Rules, which had been amended in 1946, was further amended in 1961 to specifically cover the situation involved in this case. As amended, Federal Rule 54(b) now reads:

"JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Our Rule 54(b) is a replica of the corresponding Federal Rule as it existed prior to the 1961 amendment. While there is authority for the view that the rule authorizes the trial court to so act as to permit an appeal in a

multiple-party case where the dismissal of a claim was not as to all defendants (see *e.g., Boston Medical Supply Co.* v. *Lea & Febiger,* 1 Cir., 1952, 195 F.2d 853) the weight of authority, and we think the better reasoning, is that Rule 54(b) does not authorize the trial court to pave the way for an appeal in such a situation.

In *Steiner* v. *20th Century-Fox Film Corporation,* 9 Cir., 1955, 220 F.2d 105, it is stated at p. 107:

"This case involves only multiple parties—not multiple claims. The complaint charges a conspiracy. Such an allegation states but a single claim under Rule 8(a), Federal Rules of Civil Procedure. F. L. Mendez & Co. v. General Motors, 7 Cir., 1947, 161 F.2d 695 certiorari denied, 1947, 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387.

\* \* \* \* \*

"We have answered the question posed by holding that Rule 54(b) means exactly what its words import. The Rule nowhere mentions parties. The Rule is poised on the word *claims*—multiple claims. The word *claims* and the word *parties* mean different things. They are simply dictionary words which do not lose their substance when used in law. As to their basic meaning Black and Webster are in accord. These are not words of art. Parties are not claims. See District 65, Distributive, Processing & Office Workers Union of New York and New Jersey v. McKague, 3 Cir., 216 F.2d 153, 6 Moore's Federal Practice, 54.34(2) (2nd Ed. 1953)."

Similarly, in *Mull* v. *Ackerman,* 2 Cir., 1960, 279 F.2d 25, 26, it was held:

"Amended Rule 54(b) applies by its terms only 'When more than one claim for relief is presented in an action.' In Goldlawr, Inc. v. Heiman, 2 Cir., 1959, 273 F.2d 729, 731, we made it clear that the Rule 'does

not allow a finding of finality * * * where a single claim against multiple parties is dismissed as against some but not all.' That is precisely this case. Plaintiff asserts a single claim for the injury alleged to have been done him by the taxicab; the order sought to be appealed dismisses the claim only as against Ackerman. Such an order is not a 'final decision' under 28 U.S.C. § 1291. As said in Goldlawr, Inc. v. Heiman, supra, 'a 54(b) certificate is ineffective to make appealable a judgment dismissing the action against some parties but leaving it pending against others.' The distinctions of Goldlawr asserted by plaintiff are unconvincing. The case is parallel to Lopinsky v. Hertz Drive-Ur-Self System, Inc., 2 Cir., 1951, 194 F.2d 422, which was disapproved in Goldlawr insofar as it had sustained the application of Rule 54(b). See 6 Moore, Federal Practice, ¶54.34[2], at 247-248 (2d ed. 1953)."

To the same effect are *Hardy* v. *Bankers Life & Casualty Co.*, 7 Cir., 1955, 222 F.2d 827; *Richards* v. *Smith*, 5 Cir., 1960, 276 F.2d 652; *Goldlawr, Inc.* v. *Heiman*, 2 Cir., 1959, 273 F.2d 729.

Professor Moore states in reference to the Federal Rule 54(b), when it read as our present Rule 54(b) does: "Original Rule 54(b) did not change the prior law that an order terminating an action as to less than all of the parties 'jointly' claiming or 'jointly' charged lacked finality. And since the amended Rule, like its predecessor, attacks the problem of finality from the point of multiple *claims*, rather than multiple parties, the sound conclusion is that no change was made in the prior law as to this matter, whether the action embraces a single or multiple claims." 6 Moore, *Federal Practice*, (2d ed. 1953) ¶54.27(3), p. 210.

It is our opinion that the *Mull* and *Steiner* decisions and the cases in accord with them properly construe Rule

54(b). Accordingly, we hold that a dismissal of a single claim or cross-claim where the order of dismissal does not include all of the defendants against whom the claim or cross-claim is asserted does not present a case for application of our present Rule 54(b). In consequence, final judgment cannot be entered on such a dismissal, and under prior law an appeal at this point is premature.

The appeals are dismissed.

*Harry Tanaka* and *Noel A. Troy* for motions.

*Genro Kashiwa* and *Christopher Cobb,* contra.