**364**

STEVE'S HOMEMADE ICE CREAM, INC., Plaintiff–Appellee,

v.

Roger K. STEWART, Joyce C. Stewart, and Howard N. Stewart, Defendants–Appellants.

Roger K. STEWART, Joyce C. Stewart, and Howard N. Stewart, Plaintiffs–Appellants,

v.

STEVE'S HOMEMADE ICE CREAM, INC., Defendant–Appellee,

Integrated Resources, Inc., Integrated Food Systems, Inc., Steve's Ice Cream, Inc., Steve's Franchise Company, Inc., and Defendants.

No. 1438, Docket 90–7190.

United States Court of Appeals, Second Circuit.

Argued June 6, 1990.

Decided June 29, 1990.

Alan S. Adolph, New York City (Cohen & Adolph, New York City, on the brief), for appellants.

Robert D. Fier, New York City (Kenyon & Kenyon, New York City, on the brief), for appellee Steve's Homemade Ice Cream, Inc.

Before FEINBERG, NEWMAN and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal presents the narrow issue of whether a partial summary judgment ruling that dismisses a claim against one party is eligible for certification under Rule 54(b) of the Federal Rules of Civil Procedure where neither the claim nor the party is completely dismissed from the case. The issue arises on an appeal, by three individuals holding a franchise to operate ice cream stores, from the January 31, 1990, judgment of the District Court for the Southern District of New York (John E. Sprizzo, Judge), dismissing as against Steve's Homemade Ice Cream, Inc., one of six claims set forth both in appellants' complaint and in their counterclaim in a related lawsuit. The dismissed claim alleges a violation of the New York Franchise Act, N.Y. Gen.Bus.Law §§ 680–95 (McKinney 1981). We conclude that an order dismissing a claim against one party but not completely dismissing either the claim or the party from the litigation is not eligible for entry of a final judgment under Rule 54(b). We therefore dismiss the appeal.

### Background

The appellants, Roger K. Stewart, Joyce C. Stewart, and Howard N. Stewart ("the Stewarts") obtained a franchise from Steve's Ice Cream, Inc. ("Old Steve's") to operate ice cream stores in Arizona. The Stewarts contend that a major inducement

to their becoming a franchisee of Old Steve's was the prospect of making ice cream in their local stores. After the Stewarts opened in Tucson the first of eight stores planned for their Arizona franchise territory, the assets of Old Steve's were purchased by Steve's Homemade Ice Cream, Inc. ("New Steve's"). New Steve's permitted the Stewarts to continue selling locally produced ice cream at the Tucson store but required the Stewarts to purchase factory-produced ice cream from New Steve's for sale at any franchise stores subsequently opened. Dispute over this requirement as well as nonpayment of franchise royalties led to the filing of two lawsuits.

New Steve's sued the Stewarts for breach of contract and trademark law violations. In their answer, the Stewarts asserted a counterclaim containing six counts and subsequently realleged these six counts in a complaint filed against Old Steve's (and its parent companies) and New Steve's. Count 2, as set forth in the Stewart's complaint, alleged that Old Steve's and New Steve's had committed "Per Se Violations" of New York's Franchise Act by filing with the New York State Department of Law a prospectus for the sale of franchises that was false in that, among other things, it failed to disclose an intent to promote factory-made ice cream to the detriment of in-store ("homemade") ice cream products sold by its franchisees. Though not formally consolidated, New Steve's suit and the Stewarts' suit have been treated in the District Court as a single unit of litigation; they were the subject of a joint pretrial order, and the ruling sought to be reviewed on this appeal was entered simultaneously in both actions.

New Steve's moved for partial summary judgment to dismiss as against it the Stewarts' second counterclaim and the similar claim of their complaint. New Steve's contended that, as a purchaser of assets, it had no successor liability under the New York Franchise Act for whatever fraudulent representations or omissions may have been contained in the prospectus filed by Old Steve's. Judge Sprizzo agreed, stating in an oral ruling that the allegedly fraudulent misrepresentations in the prospectus are not "covenants running with the assets ... that are enforceable against all successors."

The District Judge then turned to the appropriateness of entering a judgment under Rule 54(b), giving explicit consideration to the need for a reasoned explanation for such a step and to the general inappropriateness of using Rule 54(b) where "adjudicated and pending claims are closely related." *See Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980) (per curiam). Judge Sprizzo noted that the legal question of whether New Steve's, as a successor, could be liable for any franchise law fraud attributable to Old Steve's was distinct from any issue remaining in the case. He also observed that delaying appellate review of his partial summary judgment ruling until after trial of the remaining issues risked creating a need for a second trial, if his ruling should be reversed. He therefore ordered entry of judgment under Rule 54(b). At that point, Old Steve's orally renewed a request, previously denied, for partial summary judgment dismissing the Franchise Act claim against it. Judge Sprizzo denied the request, noting that a contract claim against Old Steve's remains for trial in any event. He did, however, agree to bifurcate the trial and try the contract claim first.

### Discussion

Rule 54(b) permits a district court, in cases involving multiple claims or parties, to direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." As the Supreme Court has recognized, an appellate court deciding whether to entertain an appeal certified under the Rule must determine first whether the judgment is eligible for Rule 54(b) certification and then whether the District Court acted within its discretion in directing entry of judgment; *see Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436–37, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). *See also Curtiss–Wright Corp. v. General Electric Co.,*

446 U.S. 1, 7–8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). Since it is clear whether a "party" has been dismissed, the issue of eligibility usually turns on whether the judgment has dismissed a "claim for relief," often a matter of some difficulty, *see* 6 *Moore's Federal Practice* ¶ 54.33[2] (2d ed. 1988).

Even if we assume in this case that the Franchise Act allegations of the Stewarts' complaint and counterclaim state a distinct "claim" within the meaning of Rule 54(b), the issue is whether a ruling dismissing a claim against one party is eligible for Rule 54(b) certification where the party and the claim remain in the case. We hold that such a ruling is not eligible for a Rule 54(b) judgment. The Rule permits entry of judgment "as to one or more" claims, implying if not stating that at a minimum one claim must be fully adjudicated. The Rule is a carefully constructed exception to the policy against piecemeal appeals and should not be expanded by viewing a single allegation against multiple parties as multiple claims.

The 1961 amendment to Rule 54(b) confirms our interpretation. Prior to 1961 the Rule applied to a judgment disposing of less than all of the claims in a suit but said nothing about a judgment disposing of less than all of the parties in a suit. Under that version of the Rule, the issue arose whether a district court could certify a judgment dismissing one of several defendants against which a claim had been made. This Circuit had originally approved such use of the rule, viewing the allegation against each party as a separate "claim," *see Rao v. Port of New York Authority*, 222 F.2d 362 (2d Cir.1955) (per curiam); *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213 (2d Cir.1955). However, we later abandoned that view in *Goldlawr, Inc. v. Heiman*, 273 F.2d 729 (2d Cir.1959) (per curiam); *see also Mull v. Ackerman*, 279 F.2d 25 (2d Cir.1960) (per curiam), joining the other circuits that had refused to sustain appellate jurisdiction under the pre–1961 version of Rule 54(b) where a claim against multiple parties is dismissed against some but not all of them. *See*

*Goldlawr, Inc. v. Heiman*, 273 F.2d at 730 & n. 1 (collecting cases).

To remedy the consequence of this position, the 1961 amendment broadened the Rule to make it available where one party was dismissed from a multi-party suit. Fed.R.Civ.P. 54(b) advisory committee's note (1961 Amendment). The drafters of the amended rule expressly noted decisions that had construed a claim alleged against multiple parties to be a single claim, *see id.* Accepting the prevailing view as to the unitary nature of a claim made against multiple parties, the drafters expanded the Rule to make it applicable to dismissal of a party.

But having broadened the Rule to apply where one of multiple parties is dismissed, the drafters did not take the further step of making it applicable where a claim is dismissed against one party but that claim and that party remain in the suit. We have no authority (and no inclination) to make that further expansion. Though we have located no case squarely ruling on the point, our holding appears to be supported by Professor Moore, *see* 6 *Moore's Federal Practice* ¶ 54.34[2.—2], at 54–220–21 (2d ed. 1988).

New Steve's argues that the Franchise Law claim asserted against it is separate from the claim asserted against Old Steve's. It points out that the essence of the claim is the failure to disclose an intent to promote factory made ice cream and then contends that since Old Steve's did not modify the system, "the claim ... could not have been and was not asserted against [Old Steve's]." Letter of Robert D. Fier, Esq. (June 6, 1990). Whether the claim "could" validly have been asserted against Old Steve's is an issue that remains for determination on the merits, but there can be no doubt that it was asserted against both Old Steve's and New Steve's. As set forth in the Stewarts' complaint, the allegation of failing to disclose an intent to promote factory-made ice cream is explicitly made against both the old and new franchisors. Appellants' Complaint ¶¶ 9, 22, 23. Judge Sprizzo's ruling resolved a distinct legal issue that relieved New Steve's from

liability on the Franchise Act claim, but the "claim" remains pending against Old Steve's, and there is no doubt that New Steve's remains as a defendant on other claims.

In view of our holding that Judge Sprizzo's ruling was not eligible for entry of judgment under Rule 54(b), we need not decide whether, had eligibility existed, use of the Rule in the circumstances of this case would have been a permissible exercise of discretion.

The appeal is dismissed for lack of jurisdiction.